**FILED**
**FEBRUARY 4, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID G. PEREGRIN,              ) | |
|                                 ) | |
|     Petitioner,                 ) | |
|                                 ) | |
| v.                              ) | Case No.  **08 C 759** |
|                                 ) | |
| WILLIAM EDWARD KASSAR, JR.,     ) | **JUDGE MANNING** |
|                                 ) | **MAGISTRATE JUDGE NOLAN** |
|     Respondent.                 ) | |

## APPLICATION TO CONFIRM ARBITRATION AWARD

Petitioner, David G. Peregrin ("**Peregrin**"), by and through his undersigned counsel, moves for an order, pursuant to Federal Arbitration Act, Title 9, United States Code, Sections 9 and 10, confirming an arbitration award entered on January 18, 2008 by the Financial Industry Regulatory Authority ("FINRA")(successor to the National Association of Securities Dealers, Inc. "NASD," the securities industry self-regulatory organization) a copy of which arbitration award is attached as Exhibit A. In support of this petition, Petitioner Peregrin respectfully alleges:

### JURISDICTION

1.    The jurisdiction of the court is invoked pursuant to Title 28 U.S.C. §§1331 and 1332 in that the parties are citizens of different states and the amount in dispute is in excess of $75,000 exclusive of interest and costs and this controversy constitutes a civil action "arising under the constitution, laws, or treaties of the United States." The jurisdiction of the court is also invoked pursuant to the provisions of the Federal

Arbitration Act, 9 U.S.C. § 1 *et seq.* particularly Sections 9 and 10 thereof. Jurisdiction is also found in Title 28, United States Code, Section 1332 in that the amount in controversy exceeds $75,000 and the parties are diverse.

## VENUE

2. Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) in that the acts and occurrences constituting the claims alleged below took place in substantial part within the Northern District of Illinois. The arbitration award which is the subject of this proceeding was entered by an arbitration panel following a hearing in Chicago, IL in the Northern District of Illinois. Further, based on the allegations set for herein, the ends of justice require that this action be heard before the United States District Court for the Northern District of Illinois.

## PARTIES

3. Petitioner David G. Peregrin ("**Petitioner**" or "**Peregrin**"), is an individual residing at 23870 West Townline Road, Grayslake, IL 60030 in Lake County in the Northern District of Illinois. David Peregrin is both a citizen and a resident of the State of Illinois.

4. Respondent William Edward Kassar, Jr. ("**Respondent**" or "**Kassar**") was a registered representative and branch manager with an NASD member firm by the name of Milestone at all relevant times. The CRD registration number for Kassar is 2245223. Defendant Kassar was at all relevant times and is now a citizen and resident of New York with his home at 9 Tappanwood Road, Lattingtown, NY 11560-1321.

FACTS GIVING RISE TO CLAIM

*The Opening Of The Peregrin Account at Milestone Group Management*

5.   In June, 2003, Petitioner Peregrin received a cold call from Respondent William E. Kassar, Jr. of Milestone concerning a potential investment.

6.   Respondent Kassar was the branch manager for the Milestone Management Group, LLC branch and was the broker of record for the Peregrin account.

7.   Respondent Kassar, as a representative of Milestone made extravagant representations of the information available to Milestone about the securities they offered. Representatives of Milestone made misrepresentations as to their success rate. Peregrin and his account were assigned to Respondent William E. Kassar, Jr.

8.   Subsequently, over the time period from June, 2003 through December, 2004, Kassar and Milestone induced Peregrin to invest the net amount of approximately $160,000 in his account.

9.   After the investment, Kassar and Milestone traded the account very actively generating commissions of approximately $13,068 and mark ups or mark downs on securities purchased or sold from or to Milestone's own inventory of $38,651.00 for a total of mark up and commissions of $51,719.00.

10.   During the approximate six months time period that the account was actively traded, the account lost approximately $160,000. The majority of the loss occurred in the September, 2003 through December, 2003 time period with October to November, 2003 being the period of heaviest losses.

11.   Of the losses in the Peregrin account, approximately $99,000 was lost on a single speculative issue, ROXI, a software company.

12. Because of his lack of knowledge regarding investment trading, Peregrin relied upon Kassar for recommendations.

13. Accordingly, Peregrin relied upon the representations of Kassar as to securities to purchase and sell.

14. Peregrin advised Kassar that his investment objective was to make money but with manageable risk. Kassar represented to Peregrin that stop loss orders would be used and that Peregrin's potential loss would be limited.

15. At no time did Kassar provide Peregrin with a questionnaire concerning his investment objectives.

16. Based upon the representations of Kassar and of Milestone, Peregrin opened an account at Milestone on approximately June 16, 2003.

## The Peregrin Account Activity at Milestone

17. Peregrin never suggested any transactions. All decisions were made by Kassar and Milestone representatives.

18. While Kassar had de facto control of the account, he placed trades in order to generate commissions and mark ups for Kassar and for the firm.

19. Defendant Kassar was aware that David Peregrin had minimal investment experience and had no way of being able to assess the appropriateness of the investments suggested by Milestone.

20. After investing approximately $209,000, Peregrin finally decided to withdraw most of the remaining funds in the account in December, 2003.

21. After repeated requests between December 8, 2003 and December 23, 2003, Peregrin withdrew $50, 000 from the account on December 23, 2003.

22. When Petitioner Peregrin left Milestone Group, Peregrin had lost approximately $160,000 out an initial investment of approximately $209,000.

23. The annualized turnover ratio for the Peregrin account was 34.801. A turnover ratio of six is regarded as prima facie proof of churning.

### *David Peregrin Files an NASD Arbitration Proceeding*

24. After closing his account, on September 22, 2004, David Peregrin filed an arbitration proceeding before the NASD by submitting a Statement of Claim, a Uniform Submission Agreement and check for the filing fee of $2,125.00.

25. On September 30, 2004, the NASD accepted and filed an arbitration proceeding captioned *David G. Peregrin v. Milestone Group Management, LLC and William E. Kassar, Jr.* No. 04-06892.

26. After numerous continuances by the Respondent Kassar, an arbitration date was set on September 25, 2006.

27. On September 20, 2006 a federal court proceeding was filed in the U.S. District Court for the Northern District of Illinois captioned *David G. Peregrin v. Milestone Group Management, LLC and William E. Kassar, Jr.* No. 06 C 5096 (U.S.D.C. N.D.Il.) to compel the proceedings to go forward.

28. On the same date, September 20, 2006, a motion for a temporary restraining order was filed.

29. On September 21, 2006, a Temporary Restraining Order is entered by the U.S. District Court, the Hon. Charles P. Kocoras. U.S. District Judge presiding, compelling the September 25, 2006, arbitration to proceed.

30.  On September 25, 2006, an arbitration hearing before the Arbitration Panel proceeds. In response to the motion of Respondent William E. Kassar, Jr., the arbitration panel dismisses the complaint without prejudice.

31.  On September 29, 2006, an order reflecting the dismissal without prejudice is issued by arbitration panel in case no. 04-06892.

32.  On November 22, 2006, a "Second Arbitration Statement of Claim" was filed with the NASD by Claimant David G. Peregrin and was assigned case number 06-05099. The case caption was identical to case no. 04-06892.

33.  After several arbitration dates are set and continued, the matter was set for hearing by an arbitration panel on January 9, 2008 in Chicago.

34.  On January 18, 2008, the FINRA arbitration panel issues an arbitration award in favor of Petition Peregrin and against Respondent Kassar in the amount of $225,697.00, including fees and interest through January 1, 2008.

*Application for Order Confirming Arbitration Award*

35.  Kassar was a member of the NASD (whose duties are now carried on by FINRA) at all relevant times.

36.  A duly constituted FINRA arbitration panel conducted an arbitration hearing under the NASD Code of Arbitration and issued an award.

37.  Kassar is bound by the provisions of the NASD Code of Arbitration procedure to honor that award.

WHEREFORE, on the basis of the provisions of the NASD Code of Arbitration, Petitioner David Peregrin prays for an order of this Court confirming the FINRA

arbitration award dated January 18, 2008, in the amount of $225,697.00 and such other relief as this Court deems just.

Dated: February 4, 2008

                                                      DAVID G. PEREGRIN

                                        By:    /s/James A. McGurk
                                                    James A. McGurk, one of his Attorneys

Of Counsel:

James A. McGurk, Esq.
Law Offices of James A. McGurk, P.C.
140 South Dearborn Street
Suite 404
Chicago, Illinois 60603
(312) 236-8900
Fax (312) 277-3497

20080130.PetitiontoConfirmAribitrationAward