# FINRA
Financial Industry Regulatory Authority

To: James McGurk          Fax: 277-3497
To: William Kassar        Fax: E-mail
To: _____   Fax: _____
To: _____   Fax: _____
To: _____   Fax: _____
To: _____   Fax: _____
To: _____   Fax: _____
To: _____   Fax: _____
To: _____   Fax: _____

# Pages Including Cover _____

Case Number  06-5099

This fax transmittal is strictly confidential and is intended solely for the person or organization to whom it is addressed. If you have not received all pages of this fax please call 312 899 4440.

55 W. Monroe Street
Suite 2600
Chicago, IL 60603

tel 312-899-4440
fax 312-236-9239
www.finra.org

**FINRA Dispute Resolution**

Midwest Region
55 West Monroe Street | Suite 2600 | Chicago IL | 60603 | 312 899 4440 | Fax 312 236 9239

FINRA

January 18, 2008

James A. McGurk, Esq.
Law Offices Of James A. McGurk, P.C.
140 South Dearborn Street
Suite 404
Chicago, IL 60603

Subject:   FINRA Dispute Resolution Arbitration Number 06-05099
           David G. Peregrin vs. Milestone Group Management, LLC and William E. Kassar, Jr.

Dear Mr. McGurk:

In accordance with NASD Rules, I enclose the decision reached by the arbitrator(s) in the above-referenced matter.

### Responsibility to Pay Monetary Award

Pursuant to NASD Rules,[1] the responsible party must pay any monetary awards within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. If an award is not paid within 30 days, the responsible party must pay post-judgment interest at the legal rate or as provided in the award by the arbitrator(s).

### Tracking Payment of Award

FINRA Dispute Resolution has implemented a system of monitoring and tracking compliance with arbitration awards by members and associated persons. We request prevailing claimants to notify us in writing when their awards have not been paid within 30 days of receipt of the award, and require member firms to certify in writing that they have complied with awards against them or their associated persons. The 30-day period ends on: February 19, 2008.

Written notification concerning award compliance or lack thereof must be directed to:

Avichai Badash
FINRA Dispute Resolution
One Liberty Plaza,
165 Broadway, 52nd Floor
New York, NY 10006

---

[1] Customer Code Rule 12904
Industry Code Rule 13904
Old Code Rule 10330(h)

212-858-4325 (tel) 301-527-4739 (fax)

### Expedited Suspension Proceedings for Non-Payment of Awards

Members and associated persons who do not comply with an award in a timely manner are subject to expedited suspension proceedings as set forth in Rule 9554, which is part of the NASD Manual.

### Right to File Motion to Vacate Award

All awards are **final** and are not subject to review or appeal by the arbitration panel or by FINRA Dispute Resolution. Any party wishing to challenge the award must make a motion to vacate the award **in a federal or state court** of appropriate jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 10, or applicable state statute. There are limited grounds for vacating an arbitration award, and a party must bring a motion to vacate within the time period specified by the applicable statute. Parties and counsel should consult federal and state statutes and case law to determine the appropriate court, standards, and time limitations in their individual circumstances. FINRA Dispute Resolution is not authorized to provide legal advice concerning a motion to vacate.

A motion to vacate, confirm, or modify an arbitration award is a matter only between the parties to the arbitration. FINRA Dispute Resolution is not a proper party to post-award motions and should not be named as a party to any post-award motion. However, for cases filed on or after April 12, 2004, if the award contains expungement relief, or if a party seeks expungement relief in court, there may be a duty to name FINRA as a party as provided in Rule 2130.

### Questions Concerning Award

Please direct any questions regarding this award to me. **The parties must not contact the arbitrators directly.**

### Forum Fees

Enclosed is an invoice that reflects the fees assessed and any outstanding balances. Fees are payable to FINRA Dispute Resolution.

If a refund is due, it will be sent under separate cover. All refunds, even if payment is made by a non-party on behalf of a party, will be made payable to the party and will be sent in care of the party's representative.

### Arbitration Evaluation

As a service organization, the primary goals of FINRA Dispute Resolution are the integrity of its process and the satisfaction of its clients. To ensure that we are meeting your needs and satisfying our commitment to you, **we need to hear from you.** If you have not already done so, please take the time to complete an evaluation of our services, the process, and the arbitrator(s) assigned to your case. For your convenience, we have now made it possible for you to evaluate our services using the Internet. Please direct your Web browser to http://www.finra.org/arbevaluation. If you do not have Internet access, or have difficulty completing the evaluation online, you may complete the paper version of the evaluation that was previously provided to you and mail it to the address indicated. If you need another paper copy

of the evaluation form, please contact the undersigned. <u>Whenever possible, however, please use the new online version, as it will help us to review your feedback in a more expeditious and analytical manner.</u> Your feedback is a valuable and necessary component in our efforts to serve you better.

Very truly yours,

*[signature]*

Matthew Luzi
Case Administrator
312-899-4428 Fax: 301-527-4852

ML1:NKC:LC09A
idr:08/07

RECIPIENTS:

    James A. McGurk, Esq., David G. Peregrin
    Law Offices Of James A. McGurk, P.C., 140 South Dearborn Street, Suite 404,
    Chicago, IL 60603

    William E. Kassar, Jr.
    9 Tappanwood Dr., Lattingtown, NY 11560

## AWARD
## FINRA Dispute Resolution

In the Matter of the Arbitration Between:

<u>Name of Claimant</u>

David G. Peregrin

vs.

Case Number: 06-05099
Hearing Site: Chicago, Illinois

<u>Names of Respondents</u>

Milestone Group Management, LLC
and William E. Kassar, Jr.

### NATURE OF THE DISPUTE

Customer vs. Terminated Member and Associated Person

### REPRESENTATION OF PARTIES

David G. Peregrin ("Claimant" or "Peregrin") was represented by James A. McGurk, Esq., Law Offices of James A. McGurk, PC, Chicago, Illinois.

Milestone Group Management, LLC ("Milestone") did not make an appearance.

William E. Kassar, Jr. ("Kassar") was represented by Sheldon H. Gopstein, Esq., Law Office of Sheldon H. Gopstein, Esq., New York, New York from on or about June 25, 2007 until on or about January 4, 2008. At all other times, William E. Kassar, Jr. appeared pro se.

### CASE INFORMATION

The Statement of Claim was filed on or about November 28, 2006. The Submission Agreement of Claimant, David G. Peregrin, was signed on or about November 15, 2006. Claimant, David G. Peregrin, filed a Response to the Motion to Dismiss on or about October 9, 2007.

The Statement of Answer was filed by Respondent, William E. Kassar, Jr., on or about August 24, 2007. The Submission Agreement of Respondent, William E. Kassar, Jr., was signed on or about January 18, 2007. On or about September 17, 2007, Respondent, William E. Kassar, Jr., filed a Motion to Dismiss. On or about October 9, 2007, Respondent, William E. Kassar, Jr., filed a letter in support of his Motion to Dismiss.

FINRA Dispute Resolution
Arbitration No. 06-05099
Award    Page 2 of 6

## CASE SUMMARY

Claimant asserted the following causes of action: breach of fiduciary duty; negligence; violation of NASD rules of fair practice; failure to supervise; and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. Claimant alleged that Respondents made various trades in Claimant's account for the purpose of generating commissions. Claimant alleged that the investments made were risky and speculative stocks, such as ROXI, which according to Claimant were unsuitable and caused substantial losses in his account.

Unless specifically admitted in his Answer, Respondent, William E. Kassar, Jr., denied the allegations made in the Statement of Claim and asserted affirmative defenses including the following: Claimant failed to state a claim upon which relief can be granted; Claimant authorized and/or ratified all transactions in his securities account; Claimant is barred from recovery on his claims because he knowingly assumed the risk of his investments; and no private right of action exists nor may damages be awarded for violations, in any, of the rules of self regulatory agencies.

## RELIEF REQUESTED

Claimant requested an award in the amount of:

| | |
|---|---|
| Actual/Compensatory Damages | $ 160,000.00 |
| Exemplary/Punitive Damages | Unspecified |
| Interest | Unspecified |
| Attorneys' Fees | Unspecified |
| Other Costs | Unspecified |
| Other Monetary Relief | Unspecified |

Respondent, William E. Kassar, Jr., requested that the claims asserted against him be dismissed in their entirety and that he be awarded his costs.

## OTHER ISSUES CONSIDERED & DECIDED

Upon review of the file and the representations made by/on behalf of the Claimant, the undersigned Panel determined that Respondent, Milestone Group Management, LLC, has been properly served with the Statement of Claim and received due notice of the hearing, and that arbitration of the matter would proceed without said Respondent, Milestone Group Management, LLC present, in accordance with the Code of Arbitration Procedure (the "Code").

In its Order dated July 25, 2007, the Panel ordered as follows:

FINRA Dispute Resolution
Arbitration No. 06-05099
Award    Page 3 of 6

1. Kassar shall have until August 24, 2007 to file an Answer.

2. Respondent shall have until September 17, 2007 to file a Motion to Dismiss and/or Motion to Continue the hearing scheduled for October 15 - 17, 2007.

3. Claimant shall have until October 1, 2007, to Respond to Respondent's Motion to Dismiss and/or Continue.

4. Kassar shall have until October 9, 2007 to Respond to Claimant's Reply.

On or About September 17, 2007, Kassar filed a Motion to Adjourn the hearing dates of October 15 – 17, 2007. Claimant filed a response on or about October 2, 2007.

In its Order issued on or about October 9, 2007, the Panel denied Kassar's Motion to Dismiss and Kassar's Motion to Adjourn.

On or about October 15, 2007, Kassar filed a Motion to Reconsider Denial of the Motion for Adjournment and a Motion to Compel Discovery.

In its Order dated October 15, 2007, the Panel ordered as follows:

1. Motion to Reconsider the Denial of the Motion for Adjournment is granted and the hearing is rescheduled for January 7, 8, and 9, 2008.

2. Motion to Compel Discovery is granted and Claimant is ordered to respond to Respondent's Discovery Request on or before October 31, 2007.

3. The parties shall advise FINRA of the need for an additional pre-hearing conference to resolve any outstanding discovery disputes on or before November 14, 2007.

On or about January 4, 2008, counsel for Kassar withdrew his appearance and filed a request to adjourn the hearing for thirty (30) days. On or about January 4, 2008, Peregrin filed a Response to Kassar's January 4, 2008 Motion for Adjournment of the Arbitration Hearing Date.

In its Order dated January 4, 2008, the Panel ordered that Kassar's request is denied and that the hearing on this matter shall proceed as scheduled.

At the hearing, Kassar made several oral motions to dismiss Milestone Group Management, LLC and to dismiss William E. Kassar, Jr. All were denied by the Panel.

FINRA Dispute Resolution
Arbitration No. 06-05099
Award    Page 4 of 6

At the hearing, Kassar made three oral motions to adjourn the proceeding. All were denied by the Panel.

At the hearing, Kassar moved for the Panel to recuse itself. The Panel denied the motion.

At the hearing, Claimant moved for an Order of Contempt against Kassar. The Panel denied the motion.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony, and the evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1.) Respondent, William E. Kassar, Jr., is liable for and shall pay to Claimant, David G. Peregrin, the sum of $137,000.00 in compensatory damages;

2.) Respondent, William E. Kassar, Jr., is liable for and shall pay to Claimant, David G. Peregrin, interest on the above-stated sum at the rate of 5% per annum from and including January 1, 2004 through and including January 1, 2008;

3.) Respondent, William E. Kassar, Jr., is liable for and shall pay to Claimant, David G. Peregrin, the sum of $7,045.00 in costs;

4.) Respondent, William E. Kassar, Jr., is liable for and shall pay to Claimant, David G. Peregrin, the sum of $54,252.00 in attorneys' fees pursuant to the Illinois Consumer Fraud and Deceptive Practices Act; and

5.) Any relief not specifically enumerated, including punitive damages, is hereby denied with prejudice.

FINRA Dispute Resolution
Arbitration No. 06-05099
Award　　Page 5 of 6

# FEES

Pursuant to the Code, the following fees are assessed:

## Filing Fees

FINRA Dispute Resolution will retain the non-refundable filing fee for each claim:

Initial Claim filing fee　　　　　　　　　　　　　　　　　　　= $　　300.00

## Adjournment Fees

Adjournments granted during these proceedings:

October 16 – 17, 2007, adjournment requested by William E. Kassar, Jr.　= $　1,125.00

## Three-Day Cancellation Fees

Fees apply when a hearing on the merits is postponed or settled within three business days before the start of a scheduled hearing session:

October 16 – 17, 2007, adjournment requested by William E. Kassar, Jr.　= $　　300.00

## Forum Fees and Assessments

The Panel has assessed forum fees for each hearing session conducted or each decision rendered on a discovery-related motion on the papers or a contested motion for the issuance of a subpoena. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

| | | | |
|---|---|---|---|
| Two (2) Pre-hearing sessions with Panel x $1,125.00 | | | = $ 2,250.00 |
| Pre-hearing conferences: | April 26, 2007 | 1 session | |
| | July 25, 2007 | 1 session | |
| Seven (7) Hearing sessions x $1,125.00 | | | = $ 7,875.00 |
| Hearing Dates: | October 15, 2007 | 1 session | |
| | January 7, 2008 | 2 sessions | |
| | January 8, 2008 | 2 sessions | |
| | January 9, 2008 | 2 sessions | |
| Total Forum Fees | | | = $ 10,125.00 |

The Panel has assessed $10,125.00 of the forum fees to William E. Kassar, Jr.

FINRA Dispute Resolution
Arbitration No. 06-05099
Award   Page 6 of 6

## FEE SUMMARY

Claimant, David G. Peregrin, is liable for:

| | |
|---|---|
| Initial Filing Fee | = $ 300.00 |
| Total Fees | = $ 300.00 |
| Less payments | = $ 2,125.00 |
| Refund Due David G. Peregrin | = $ 1,825.00 |

Respondent, William E. Kassar, Jr., is liable for:

| | |
|---|---|
| Adjournment Fee | = $ 1,125.00 |
| Three-Day Cancellation Fee | = $ 300.00 |
| Forum Fees | = $ 10,125.00 |
| Total Fees | = $ 11,550.00 |
| Less payments | = $ 0.00 |
| Balance Due FINRA Dispute Resolution | = $ 11,550.00 |

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

Caroline N. Harney - Public Arbitrator, Presiding Chair
Carol McHugh Sanders - Public Arbitrator
Gary David Cope - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

/s/ Caroline N. Harney                              January 18, 2008
Caroline N. Harney                                  Signature Date
Public Arbitrator, Presiding Chair

/s/ Carol McHugh Sanders                            January 18, 2008
Carol McHugh Sanders                                Signature Date
Public Arbitrator

/s/ Gary David Cope                                 January 17, 2008
Gary David Cope                                     Signature Date
Non-Public Arbitrator


January 18, 2008
Date of Service  (For FINRA office use only)

FINRA Dispute Resolution
Arbitration No. 06-05099
Award    Page 6 of 6

## FEE SUMMARY

Claimant, David G. Peregrin, is liable for:
| | |
|---|---|
| Initial Filing Fee | = $    300.00 |
| Total Fees | = $    300.00 |
| Less payments | = $ 2,125.00 |
| Refund Due David G. Peregrin | = $ 1,825.00 |

Respondent, William E. Kassar, Jr., is liable for:
| | |
|---|---|
| Adjournment Fee | = $ 1,125.00 |
| Three-Day Cancellation Fee | = $    300.00 |
| Forum Fees | = $ 10,125.00 |
| Total Fees | = $ 11,550.00 |
| Less payments | = $        0.00 |
| Balance Due FINRA Dispute Resolution | = $ 11,550.00 |

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

Caroline N. Harney - Public Arbitrator, Presiding Chair
Carol McHugh Sanders - Public Arbitrator
Gary David Cope - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

_N Caroline Harney_                            1/18/08
Caroline N. Harney                             Signature Date
Public Arbitrator, Presiding Chair


Carol McHugh Sanders                           Signature Date
Public Arbitrator


Gary David Cope                                Signature Date
Non-Public Arbitrator


Date of Service  (For FINRA office use only)

FINRA Dispute Resolution
Arbitration No. 06-05099
Award　　Page 6 of 6

## FEE SUMMARY

Claimant, David G. Peregrin, is liable for:

| | | |
|---|---|---|
| Initial Filing Fee | = $ | 300.00 |
| Total Fees | = $ | 300.00 |
| Less payments | = $ | 2,125.00 |
| Refund Due David G. Peregrin | = $ | 1,825.00 |

Respondent, William E. Kassar, Jr., is liable for:

| | | |
|---|---|---|
| Adjournment Fee | = $ | 1,125.00 |
| Three-Day Cancellation Fee | = $ | 300.00 |
| Forum Fees | = $ | 10,125.00 |
| Total Fees | = $ | 11,550.00 |
| Less payments | = $ | 0.00 |
| Balance Due FINRA Dispute Resolution | = $ | 11,550.00 |

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

Caroline N. Harney - Public Arbitrator, Presiding Chair
Carol McHugh Sanders - Public Arbitrator
Gary David Cope - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

_____
Caroline N. Harney
Public Arbitrator, Presiding Chair

_Carol McHugh Sanders_ (signature)
Carol McHugh Sanders
Public Arbitrator

_____
Gary David Cope
Non-Public Arbitrator

_____
Signature Date

_Jan. 18 2008_ (signature)
Signature Date

_____
Signature Date

_____
Date of Service (For FINRA office use only)

FINRA Dispute Resolution
Arbitration No. 06-05099
Award   Page 6 of 6

## FEE SUMMARY

Claimant, David G. Peregrin, is liable for:

| | |
|---|---|
| Initial Filing Fee | = $ 300.00 |
| Total Fees | = $ 300.00 |
| Less payments | = $ 2,125.00 |
| Refund Due David G. Peregrin | = $ 1,825.00 |

Respondent, William E. Kassar, Jr., is liable for:

| | |
|---|---|
| Adjournment Fee | = $ 1,125.00 |
| Three-Day Cancellation Fee | = $ 300.00 |
| Forum Fees | = $ 10,125.00 |
| Total Fees | = $ 11,550.00 |
| Less payments | = $ 0.00 |
| Balance Due FINRA Dispute Resolution | = $ 11,550.00 |

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

Caroline N. Harney - Public Arbitrator, Presiding Chair
Carol McHugh Sanders - Public Arbitrator
Gary David Cope - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

_____           _____
Caroline N. Harney                                         Signature Date
Public Arbitrator, Presiding Chair

_____           _____
Carol McHugh Sanders                                    Signature Date
Public Arbitrator

_____           1/17/08
Gary David Cope                                              Signature Date
Non-Public Arbitrator

_____
Date of Service  (For FINRA office use only)