UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID G. PEREGRIN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 08 C 759 |
| | ) | |
| v. | ) | Judge Manning |
| | ) | |
| WILLIAM EDWARD KASSAR, JR., | ) | Magistrate Judge Nolan |
| | ) | |
| Respondent. | ) | |

**MOTION TO STRIKE PETITIONER'S APPLICATION TO
CONFIRM ARBITRATION AWARD PURSUANT TO RULE 12(f)**

Respondent, William E. Kassar, Jr., by and through his attorneys, Jack L. Haan and James J. Eccleston of Shaheen, Novoselsky, Staat, Filipowski & Eccleston, for his Motion to Strike Petitioner's Application to Confirm Arbitration Award Pursuant to Rule 12(f) because of numerous immaterial and impertinent paragraphs contained within Plaintiff's Application to Confirm Arbitration Award, states as follows:

1. On February 4, 2008, Petitioner David G. Peregrin filed an Application to Confirm Arbitration Award in which he sought to confirm a FINRA arbitration award entered on January 18, 2008 against the Respondent William Kassar, Jr.

2. The Petitioner's claim is only to confirm an arbitration award. "A confirmation proceeding under 9 U.S.C. § 9 is intended to be summary; confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986)

3. The allegations necessary to raise the issue of confirming an arbitration award are few, simple, and straightforward. Nonetheless, in paragraphs 5 through 34, Plaintiff states nearly 4 pages worth of immaterial and impertinent facts for stating a claim to confirm an arbitration

award. By stating page after page of inaccurate and unnecessary facts against Mr. Kassar, it appears that Petitioner's sole purpose is to unfairly and wrongfully attempt to prejudice Mr. Kassar in the eyes of the Court.

4. Moreover, because each of these paragraphs is immaterial to confirming an arbitration award, Respondent should not be required to have to file an Answer to the paragraphs which have no bearing on whether the arbitration award should be confirmed or vacated.

5. Federal Rule of Civil Procedure 12(f) provides that "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

6. Respondent intends to file a Motion to Vacate the Arbitration Award, which pursuant to the Federal Arbitration Act, is due to be filed on or before April 16, 2008.

WHEREFORE, the Respondent William E. Kassar, Jr. requests pursuant to Federal Rule of Civil Procedure 12(f)that the Court strike paragraphs 5 through 34 of the Amended Complaint, and any further relief the court deems equitable and just.

Respectfully submitted,

Respondent, William E. Kassar, Jr.

By: _____s/Jack L. Haan_____
           Jack L. Haan

Jack L. Haan, #06210936
James J. Eccleston, #06196175
Shaheen, Novoselsky, Staat, Filipowski & Eccleston, P.C.
20 N. Wacker Drive, Suite 2900
Chicago, Illinois 60606
(312) 621-4400