UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID G. PEREGRIN, | ) | |
| | ) | |
| Petitioner, Counter-Respondent, | ) | Case No. 08 C 759 |
| | ) | |
| v. | ) | |
| | ) | Judge Kocoras |
| WILLIAM EDWARD KASSAR, JR., | ) | |
| | ) | |
| Respondent, Counter-Petitioner. | ) | |

### KASSAR'S ANSWER TO APPLICATION TO CONFIRM ARBITRATION AWARD

NOW COMES Respondent, Counter-Petitioner, William Edward Kassar, Jr. ("Kassar"), by and through his attorneys, Jack L. Haan and James J. Eccleston of Shaheen, Novoselsky, Staat, Filipowski & Eccleston, P.C., and for his Answer to the Application to Confirm Arbitration Award, states as follows:

#### JURISDICTION

1.  The jurisdiction of the court is invoked pursuant to Title 28 U.S.C. §§1331 and 1332 in that the parties are citizens of different states and the amount in dispute is in excess of $75,000 exclusive of interest and costs and this controversy constitutes a civil action "arising under the constitution, laws, or treaties of the United States." The jurisdiction of the court is also invoked pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* particularly Sections 9 and 10 thereof. Jurisdiction is also found in Title 28, United States Code, Section 1332 in that the amount in controversy exceeds $75,000 and the parties are diverse.

**Answer:** Kassar admits the allegations in paragraph 1.

1

## VENUE

2.  Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 (b) in that the acts and occurrences constituting the claims alleged below took place in substantial part within the Northern District of Illinois. The arbitration award which is the subject of this proceeding was entered by an arbitration panel following a hearing in Chicago, IL in the Northern District of Illinois. Further, based on the allegations set forth herein, the ends of justice require that this action be heard before the United States District Court for the Northern District of Illinois.

**Answer:** Kassar admits the allegations in the first two sentences of paragraph 1. Kassar denies that the ends of justice require that this action be heard in this district.

## PARTIES

3.  Petitioner David G. Peregrin ("Petitioner" or "Peregrin"), is an individual residing at 23870 West Townline Road, Grayslake, IL 60030 in Lake County in the Northern District of Illinois. David Peregrin is both a citizen and a resident of the State of Illinois.

**Answer:** Kassar admits the allegations in paragraph 3.

4.  Respondent William Edward Kassar, Jr. ("Respondent" or "Kassar") was a registered representative and branch manager with an NASD member firm by the name of Milestone at all relevant times. The CRD registration number for Kassar is 2245223. Defendant Kassar was at all relevant times and is now a citizen and resident of New York with his home at 9 Tappanwood Road, Lattingtown, NY 11560-1321.

**Answer:** Kassar admits the allegations in paragraph 4

## VENUE

2.  Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391 (b) in that the acts and occurrences constituting the claims alleged below took place in substantial part within the Northern District of Illinois. The arbitration award which is the subject of this proceeding was entered by an arbitration panel following a hearing in Chicago, IL in the Northern District of Illinois. Further, based on the allegations set forth herein, the ends of justice require that this action be heard before the United States District Court for the Northern District of Illinois.

**Answer:** Kassar admits the allegations in the first two sentences of paragraph 1. Kassar denies that the ends of justice require that this action be heard in this district.

## PARTIES

3.  Petitioner David G. Peregrin ("Petitioner" or "Peregrin"), is an individual residing at 23870 West Townline Road, Grayslake, IL 60030 in Lake County in the Northern District of Illinois. David Peregrin is both a citizen and a resident of the State of Illinois.

**Answer:** Kassar admits the allegations in paragraph 3.

4.  Respondent William Edward Kassar, Jr. ("Respondent" or "Kassar") was a registered representative and branch manager with an NASD member firm by the name of Milestone at all relevant times. The CRD registration number for Kassar is 2245223. Defendant Kassar was at all relevant times and is now a citizen and resident of New York with his home at 9 Tappanwood Road, Lattingtown, NY 11560-1321.

**Answer:** Kassar admits the allegations in paragraph 4

## FACTS GIVING RISE TO CLAIM

### *The Opening of the Peregrin Account at Milestone Group Management*

5.  In June, 2003, Petitioner Peregrin received a cold call from Respondent William E. Kassar, Jr. of Milestone concerning a potential investment.

**Answer:** Kassar denies the allegations in paragraph 5.

6.  Respondent Kassar was the branch manager for the Milestone Management Group, LLC branch and was the broker of record for the Peregrin account.

**Answer:** Kassar admits the allegations in paragraph 6.

7.  Respondent Kassar, as a representative of Milestone made extravagant representations of the information available to Milestone about the securities they offered. Representatives of Milestone made misrepresentations as to their success rate. Peregrin and his account were assigned to Respondent William E. Kassar, Jr.

**Answer:** Kassar admits that he was a representative of Milestone. Kassar denies the remainder of the allegations in paragraph 7.

8.  Subsequently, over the time period from June, 2003 through December, 2004, Kassar and Milestone induced Peregrin to invest the net amount of approximately $160,000 in his account.

**Answer:** Kassar denies the allegations in paragraph 8.

9.  After the investment, Kassar and Milestone traded the account very actively generating commissions of approximately $13,068 and mark ups or mark downs on securities purchased or sold from or to Milestone's own inventory of $38,651.00 for a total of mark up and commissions of $51,719.00.

**Answer:** Kassar denies the allegations in paragraph 9.

10. During the approximate six months time period that the account was actively traded, the account lost approximately $160,000. The majority of the loss occurred in the September, 2003 time period with October to November, 2003 being the period of heaviest losses.

**Answer:** Kassar admits that the account lost approximately $160,000. Kassar lacks sufficient information to admit or deny the remainder of the allegations in paragraph 10 because he no longer has access to the records, and therefore, denies the allegations.

11. Of the losses in the Peregrin account, approximately $99,000 was lost on a single speculative issue, ROXI, a software company.

**Answer:** Kassar admits all the allegations in paragraph 11, except the classification that the ROXI stock was "speculative", which he denies.

12. Because of his lack of knowledge regarding investment trading, Peregrin relied upon Kassar for recommendations.

**Answer:** Kassar denies the allegations in paragraph 12.

13. Accordingly, Peregrin relied upon the representations of Kassar as to securities to purchase and sell.

**Answer:** Kassar denies the allegations in paragraph 13.

14. Peregrin advised Kassar that his investment objective was to make money but with manageable risk. Kassar represented to Peregrin that stop loss orders would be used and that Peregrin's potential loss would be limited.

**Answer:** Kassar denies the allegations in paragraph 14.

15. At no time did Kassar provide Peregrin with a questionnaire concerning his investment objectives.

4

**Answer:**     Kassar denies the allegations in paragraph 15.

16.    Based upon the representations of Kassar and of Milestone, Peregrin opened an account at Milestone on approximately June 16, 2003.

**Answer:**    Kassar admits that Peregrin opened an account at Milestone on approximately June 16, 2003. Kassar denies the remainder of the allegations in paragraph 16.

### The Peregrin Account Activity at Milestone

17.    Peregrin never suggested any transactions. All decisions were made by Kassar and Milestone representatives.

**Answer:**     Kassar denies the allegations in paragraph 17.

18.    While Kassar had de facto control of the account, he placed trades in order to generate commissions and mark ups for Kassar and for the firm.

**Answer:**     Kassar denies the allegations in paragraph 18.

19.    Defendant Kassar was aware that David Peregrin had minimal investment experience and had no way of being able to assess the appropriateness of the investments suggested by Milestone.

**Answer:**     Kassar denies the allegations in paragraph 18.

20.    After investing approximately $209,000, Peregrin finally decided to withdraw most of the remaining funds in the account in December, 2003.

**Answer:**     Kassar admits that Peregrin invested approximately $209,000. Kassar lacks sufficient information to admit or deny the remainder of the allegations in paragraph 20 because he no longer has access to the records, and therefore, denies the allegations.

21.    After repeated requests between December 8, 2003 and December 23, 2003, Peregrin withdrew $50,000 from the account on December 23, 2003.

**Answer:** Kassar lacks sufficient information to admit or deny the allegations in paragraph 21 because he no longer has access to the records, and therefore, denies the allegations.

22. When Petitioner Peregrin left Milestone Group, Peregrin had lost approximately $160,000 out an initial investment of approximately $209,000.

**Answer:** Kassar admits that the account lost approximately $160,000. Kassar lacks sufficient information to admit or deny the remainder of the allegations in paragraph 22 because he no longer has access to the records, and therefore, denies the allegations.

23. The annualized turnover ration for the Peregrin account was 34.801. A turnover ratio of six is regarded as prima facie proof of churning.

**Answer:** Kassar lacks sufficient information to admit or deny the allegations in paragraph 23 because he no longer has access to the records, and therefore, denies the allegations.

*David Peregrin Files an NASD Arbitration Proceeding*

24. After closing his account, on September 22, 2004, David Peregrin filed an arbitration proceeding before the NASD by submitting a Statement of Claim, a Uniform Submission Agreement and check for the filing fee of $2,125.00.

**Answer:** Kassar admits that Peregrin closed his account and filed an arbitration proceeding before the NASD by submitting a Statement of Claim. Kassar lacks sufficient information to admit or deny the remainder of the allegations in paragraph 24, and therefore, denies the allegations.

25. On September 30, 2004, the NASD accepted and filed an arbitration proceeding captioned *David G. Peregrin v. Milestone Group Management, LLC and William E. Kassar,*

*Jr.* No. 04-06892.

> **Answer:** Kassar admits the allegations in paragraph 25.

26. After numerous continuances by the Respondent Kassar, an arbitration date was set on September 25, 2006.

> **Answer:** Kassar admits that an arbitration date was set on September 25, 2006, but denies the remainder of the allegations in paragraph 26.

27. On September 20, 2006 a federal court proceeding was filed in the U.S. District Court for the Northern District of Illinois captioned *David G. Peregin v. Milestone Group Management, LLC and William E. Kassar, Jr.* No. 06 C 5096 (U.S.D.C. N.D.Il.) to compel the proceedings to go forward.

> **Answer:** Kassar admits the allegations in paragraph 27.

28. On the same date, September 20, 2006, a motion for a temporary restraining order was filed.

> **Answer:** Kassar admits the allegations in paragraph 28.

29. On September 21, 2006, a Temporary Restraining Order is entered by the U.S. District Court, the Hon. Charles P. Kocoras. [sic] U.S. District Judge presiding, compelling the September 25, 2006, arbitration to proceed.

> **Answer:** Kassar admits the allegations in paragraph 29.

30. On September 25, 2006, an arbitration hearing before the Arbitration Panel proceeds [sic]. In response to the motion of Respondent William E. Kassar, Jr., the arbitration panel dismisses the complaint without prejudice.

> **Answer:** Kassar admits that on September 25, 2006, an arbitration hearing before the Arbitration Panel proceeded. Kassar admits that he made a motion to dismiss himself

personally from the proceeding. Kassar denies that he made a motion to dismiss Milestone from the proceeding, but rather, that Claimant Peregrin voluntarily made such a motion to dismiss Milestone. Kassar denies the remainder of the allegations.

31. On September 29, 2006, an order reflecting the dismissal without prejudice is [sic] issued by arbitration panel in case no. 04-06892.

**Answer:** Kassar admits that the arbitration panel issued an award on September 29, 2006, in case no. 04-06892, but denies that the award was an order and denies that the dismissal of the parties was, in total, without prejudice. The award speaks for itself in regard to the parties and issues dismissed with or without prejudice.

32. On November 22, 2006, a "Second Arbitration Statement of Claim" was filed with the NASD by Claimant David G. Peregrin and was assigned case number 06-05099. The case caption was identical to case no. 04-06892.

**Answer:** Kassar admits the allegations in paragraph 32.

33. After several arbitration dates are [sic] set and continued, the matter was set for hearing by an arbitration panel on January 9, 2008 in Chicago.

**Answer:** Kassar admits the allegations in paragraph 33.

34. On January 18, 2008, the FINRA arbitration panel issued an arbitration award in favor of Petition Peregrin and against Respondent Kassar in the amount of $225,697.00, including fees and interest through January 1, 2008.

**Answer:** Kassar admits that on January 18, 2008, the FINRA arbitration panel issued an arbitration award in favor of Petition Peregrin and against Respondent Kassar. Kassar denies the remainder of the allegations.

*Application for Order Confirming Arbitration Award*

8

35. Kassar was a member of the NASD (whose duties are now carried on by FINRA) at all relevant times.

**Answer:** Kassar admits the allegations in paragraph 35.

36. A duly constituted FINRA arbitration panel conducted an arbitration hearing under the NASD Code of Arbitration and issued an award.

**Answer:** Kassar admits that a FINRA arbitration panel conducted an arbitration hearing under the NASD Code of Arbitration and issued an award, but denies that the panel was duly constituted.

37. Kassar is bound by the provisions of the NASD Code of Arbitration procedure to honor that award.

**Answer:** The allegation in paragraph 37 is a legal conclusion. To the extent an answer is required, Kassar denies the allegation.

WHEREFORE, the Respondent, Counter-Petitioner, William Edward Kassar, Jr., requests that the Court deny the Petitioner's Application to Confirm Arbitration Award, grant his Petition to Vacate the award, and any further relief that the Court deems equitable and just.

Respectfully submitted,

William Edward Kassar, Jr.,

By: __Jack L. Haan/s_____

Jack L. Haan
James J. Eccleston
Shaheen, Novoselsky, Staat, Filipowski & Eccleston, P.C.
20 N. Wacker Drive, #2900
Chicago, IL 60606
(312) 621-4400