UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID G. PEREGRIN, | ) | |
| | ) | |
| Petitioner, Counter-Respondent, | ) | Case No. 08 C 759 |
| | ) | |
| v. | ) | |
| | ) | Judge Kocoras |
| WILLIAM EDWARD KASSAR, JR., | ) | |
| | ) | |
| Respondent, Counter-Petitioner. | ) | |

## KASSAR'S PETITION TO VACATE ARBITRATION AWARD

NOW COMES Respondent, Counter-Petitioner, William Edward Kassar, Jr. ("Kassar"), by and through his attorneys, Jack L. Haan and James J. Eccleston of Shaheen, Novoselsky, Staat, Filipowski & Eccleston, P.C., pursuant to the Federal Arbitration Act, 9 U.S.C. §1, *et. seq.*, and petitions this Court to vacate an arbitration award entered on January 18, 2008 in an arbitration entitled *David G. Peregrin v. Milestone Group Management, LLC and William E. Kassar, Jr.* (NASD No. 06-05099) held before the National Association of Securities Dealers ("NASD") (now FINRA).[1] In support of this Petition, Petitioner states as follows:

### I.    Introduction.

This Petition to Vacate Arbitration Award represents one of the rare instances in which an arbitration panel's award can, and should, be vacated under federal law. Specifically, the legal doctrine of *res judicata* barred the arbitration panel from making findings on issues and an arbitration award in favor of David Peregrin ("Peregrin") on claims which were fully and finally

---

[1] In July of 2007, the National Association of Securities Dealers (NASD) became the Financial Industry Regulatory Authority, or "FINRA." For purposes of this Petition, Kassar will refer to this association only as NASD throughout this pleading.

decided by a previous arbitration between the same parties on the same claims. By operation of law, the arbitration panel lacked the authority to make its January 18, 2008 award in favor of Peregrin, and by proceeding forward with a second arbitration and making an award, the panel exceeded its arbitration powers. Pursuant to 9 U.S.C. §10(a)(4), the Court should vacate the unauthorized arbitration award against Kassar.

## II.     Jurisdiction.

1.     The jurisdiction of the Court is invoked pursuant to 28 U.S.C. §§1331 and 1332 in that the parties are citizens of different states, the amount in dispute is in excess of $75,000 exclusive of interest and costs, and this controversy constitutes a civil action "arising under the constitution, laws or treaties of the United States." The jurisdiction of this court also is invoked pursuant to the provisions of the Federal Arbitration Act, 9 U.S.C. §1, *et seq.*

## III.     Venue.

2.     Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b) in that the acts and occurrences constituting the claims alleged below took place in substantial part within the Northern District of Illinois. The arbitration award which is the subject of this proceeding was entered by an arbitration panel following a hearing in Chicago, Illinois, in the Northern District of Illinois.

## IV.     Parties.

3.     Kassar is, and at all times relevant and material hereto was, a citizen and resident of New York. Kassar was a registered representative and branch manager with Milestone Group Management, LLC ("Milestone"), a New York limited liability company with its principal place of business in Lake Success, New York. Milestone was, but no longer is, a NASD member firm, having terminated its registration on or about May 19, 2005. As more fully described below, at

all times relevant and material to David G. Peregrin's underlying claims against Kassar in the arbitrations, Kassar was an agent and employee of Milestone acting within the scope of his employment.

4.       Peregrin is a citizen and resident of the State of Illinois and resides in Grayslake, Illinois.

## V.       Relevant Background Facts.

### *Peregrin's First Arbitration Claim Against Kassar.*

5.       In September 2004, Peregrin filed a Statement of Claim with the NASD entitled *David G. Peregrin v. Milestone Group Management, LLC and William E. Kassar, Jr.*, NASD No. 04-06892 ("First Claim"). See First Claim attached hereto and incorporated herein as Exhibit A.  Peregrin's First Claim alleged causes of action against both Milestone and Kassar for breach of fiduciary duty, negligence, violations of NASD Rules of Fair Practice, and failure to supervise.

6.       In his First Claim, Peregrin alleged that Kassar – while acting as a registered representative and branch manager of Milestone – actively traded Peregrin's brokerage account and made unsuitable investment recommendations.

7.       Peregrin's First Claim did not allege that Kassar exceeded the scope of his authority as an agent of Milestone, or acted outside of his role as a registered representative and agent of the brokerage firm in any manner.  Instead, Peregrin's First Claim focused solely on Kassar's alleged handling of Peregrin's investments in the Milestone account *as a representative of Milestone.* Relatedly, Peregrin's claims against Milestone focused solely on the theory of *respondeat superior* for the alleged wrongful acts of its agent, Kassar.

8.       In a Statement of Answer filed on or about January 6, 2005, Kassar denied the

allegations contained in Peregrin's First Claim, asserted that Peregrin had failed to state a claim upon which relief could be granted, and asserted that the trading in Peregrin's Milestone account was suitable for Peregrin.

9.     On or about September 12, 2005, Milestone's membership with NASD was terminated.  After numerous continuances, including a postponement of the originally scheduled October 2005 arbitration hearing due to Peregrin's failure timely to respond to discovery (for which the postponement fee solely was assessed against Peregrin), an arbitration hearing was held on September 25, 2006 before a panel of three NASD arbitrators.

10.     At the start of the hearing, Kassar orally moved to dismiss all four of Peregrin's claims against him, individually.  Peregrin objected to Kassar's motion, and then sought leave to amend his First Claim against Kassar.  The Panel granted Kassar's Motion to Dismiss, without prejudice.

11.     Also at the hearing, Peregrin voluntarily asked the Panel to dismiss all claims asserted against Milestone. The Panel granted Peregrin's Motion to Dismiss Respondent Milestone, with prejudice.

12.     Following the September 25, 2006 arbitration proceedings, the NASD panel rendered an arbitration award on September 29, 2006.  See Arbitration Award attached hereto and incorporated herein as Exhibit B.  The NASD panel's stated from the outset that its award was in "full and final resolution of the issues submitted for determination."  (See Ex. B, p. 3).

13.     In its award, the panel expressly stated that Peregrin's claims against Milestone "are dismissed with prejudice."  (Ex. B, p. 3, ¶2).

14.     With respect to Peregrin's claims against Kassar, the panel stated as follows: "Claimant's claims asserted against Respondent, William E. Kassar, Jr. are dismissed without

prejudice. Claimant may file a new arbitration proceeding **to the extent permitted by applicable law**". (See Ex. B, p. 3, ¶1)(emphasis added).

15.    The NASD panel further stated in its award that "[A]ny relief not specifically enumerated, including punitive damages and attorneys' fees, is hereby denied **with prejudice.**" (Ex. B, p. 3, ¶4)(emphasis added). The panel did not specifically enumerate the issues of attorney's fees and interest, and accordingly, thereby dismissed with prejudice all claims for attorney's fees and interest against the Respondents.

16.    Peregrin never sought modification or vacation of the arbitration award from the First Claim, and thus, the award is valid and enforceable.

*Peregrin's Second Arbitration Claim Against Kassar.*

17.    On or about November 22, 2006 Peregrin filed a Second Statement of Claim ("Second Claim").  See Exhibit C attached hereto and incorporated herein. Despite Peregrin having voluntarily dismissed Milestone with prejudice just weeks earlier, Peregrin again named both Milestone and Kassar as Respondents, alleged the same causes of action (with 1 additional count), and alleged the same allegations of wrongdoing against Milestone and Kassar. Peregrin essentially "cut and pasted" whole sections from the First Claim into the Second Claim.  The NASD assigned a new case number to the Second Claim and opened a new arbitration proceeding with new arbitrators assigned to the panel.

18.    In paragraph 1 of his Second Claim, Peregrin erroneously stated that the dismissal of the First Claim (including the action against Milestone) had been without prejudice "with leave to refile all claims available at law". (Ex. C, p. 1- 2, ¶1).

19.    Kassar filed an Answer to the Second Claim in which he denied the underlying allegations. Kassar also asserted in a Motion to Dismiss that, among other things, the claims

against him were barred by the doctrine of *res judicata*. For unspecified reasons, the panel denied Kassar's motion to dismiss, leaving Kassar with no choice but to continue to participate in the second arbitration.

20.    Following an arbitration hearing commencing on January 9, 2008 in Chicago, the NASD arbitration panel in the Second Claim issued its arbitration award in favor of Peregrin and against Kassar. In its award, the panel awarded Peregrin compensatory damages of $137,000.00, as well as attorneys' fees of $54,252.00 and interest at the rate of 5% per annum from and including January 1, 2004 through January 1, 2008. See arbitration award attached hereto and incorporated herein as Exhibit D.

## VI.    Argument.

### A.    The Statutory Standard for Vacating an Arbitration Award.

21.    The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et. seq.*, governs this Court's review of this Petition to Vacate. Section 10(a) of the FAA provides that an award may be vacated if: (1) the award was procured by corruption, fraud or undue means; (2) the arbitrators exhibited "evident partiality" or "corruption"; (3) the arbitrators were guilty of misconduct; or (4) the arbitrators exceeded their power. *See,* 9 U.S.C. § 10(a); *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 268 (7th Cir. 2006).

22.    The Seventh Circuit recently reiterated "that review [of an arbitration award] is available under the FAA when the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." *Prostyakov v. Masco Corporation*, 513 F.3d 716 (7th Cir. 2008). Federal courts have recognized that arbitrators exceed their powers – for purposes of an analysis under 9 U.S.C. § 10 – where arbitrators rule on matters outside of their proper consideration. *J.A. Jones Constr. Co. v. Flakt,*

*Inc.*, 731 F.Supp. 1061, 1064 (N.D. Ga. 1990); *Sun Ship, Inc. v. Matson Navigation Co.*, 785 F.2d 59, 62 (3rd Cir. 1986); *Raytheon Co. v. Computer Distributors, Inc.*, 632 F.Supp. 553, 558 (D. Mass. 1986).

23.    Illinois law holds that an arbitration panel exceeds its power when it rules on issues previously decided by another arbitration panel. A claim or issue can be beyond the scope of an arbitration by reason of a prior adjudication. *Horwitz, Schakner & Associates, Inc. v. Schakner*, 252 Ill. App. 3d 879, 883, 625 N.E.2d 670 (1st Dist. 1993); *Peregrine Financial Group, Inc. v. Ambuehl*, 309 Ill. App. 3d 101, 109, 722 N.E.2d 723(1st Dist. 1999). The right to pursue an arbitration action is "limited by the effect of the *res judicata* doctrine. If the arbitration actions involve issues previously reached, they are barred notwithstanding the parties' contractual rights to bring such actions." *Ambuehl*, 309 Ill. App. 3d at 107.

24.    As explained below, the arbitration panel exceeded its power in the Second Claim by hearing and deciding claims and issues against Kassar which, by operation of law via Peregrin's voluntary dismissal of Milestone in the First Claim, were dismissed with prejudice in the First Claim and thus barred by the doctrine of *res judicata* from being considered and decided again in the Second Claim.

**B.    The Doctrine of *Res Judicata* Barred Peregrin's Claims Against Milestone and Kassar In Their Entirety in the Second Claim.**

25.    "The doctrine of *res judicata* provides that an adjudication upon the merits rendered by a court of competent jurisdiction is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to subsequent action involving the same claim, demand, or cause of action." *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 123, 382 N.E.2d 1217 (1978); *Schakner*, 252 Ill. App. 3d at 884. The essential elements of *res judicata* are: (1) identity of parties or their privies in the two suits; (2) an identity of causes of action in the earlier and

7

later suit; and (3) a final judgment on the merits in the earlier suit. *Schakner*, 252 Ill. App. 3d at 884. The doctrine bars not only those matters that actually were decided, but also bars those which could have been raised in the prior suit and "might properly have been litigated." *Peregrine Financial Group, Inc. v. Martinez*, 305 Ill. App. 3d 571, 579, 712 N.E.2d 861 (1st Dist. 1999). As such, the doctrine of *res judicata* prevents a plaintiff from splitting theories of recovery that relate to one transaction. *Ambuehl*, 309 Ill. App. 3d at 109.

26.    The Court, and not an arbitration panel, is the appropriate tribunal to determine the scope of a prior arbitration award and the *res judicata* effect on claims and issues previously resolved between the same parties. *Schakner*, 252 Ill. App. 3d at 883; *Ambuehl*, 305 Ill. App. 3d at 107; *Rembrandt Industries, Inc. v. Hodges Int'l, Inc.*, 38 N.Y.2d 502, 504, 344 N.E.2d 383 (1976).

### 1.    An Arbitration Award, Just Like a Judgment, Has the Same Preclusive Effect Through the Doctrine of *Res Judicata* on Subsequent Litigation Between the Same Parties on the Same Claims.

27.    An arbitration award is final and binding, and has "all the force of an adjudication and effectually concluding [sic] the parties from again litigating the same subject'. *Rosee v. Board of Trade*, 43 Ill. App. 3d 203, 239 (1976), quoting "*White Eagle Laundry Co. v. Slawek*, 296 Ill. 240, 244, 129 N.E.2d 753 (1921). Arbitration awards have the same *res judicata* and collateral estoppel effect as a court judgment. *Peregrine Financial Group, Inc. v. Martinez*, 305 Ill. App. 3d 571, 578, 712 N.E.2d 861, 867 (1st Dist. 1999).

28.    An arbitration award involving specifically litigated claims or issues also serves as a bar via *res judicata* to a subsequent arbitration on those same claims and issues. In *Horwitz, Schakner & Associates, Inc. v. Schakner*, the Illinois Appellate Court held that *res judicata* barred a second arbitration before the NASD because a previous arbitration held before the

Chicago Board Options Exchange involving the same parties ("CBOE") had already resolved the same issues. *Schakner,* 252 Ill. App. 3d at 885. The court noted the identity of the parties in the two arbitration matters, the identical claims submitted, and the final judgment on the merits in the first arbitration proceeding. *Id.* The *Schakner* court stated that, "it is presumed that the arbitrators [in the CBOE proceeding] fully determined all of the issues before them . . . The CBOE award was binding on the parties and any inquiry into the matters originally controverted is forever closed." *Id. See also Peregrine Financial Group, Inc. v. Ambuehl,* 309 Ill. App. 3d at 109 (Appellate court applied *res judicata* to bar arbitration proceeding between same parties and same issues previously decided by municipal court).

> **2.    It is Indisputable That Peregrin Dismissed Milestone With Prejudice in the First Claim, and Therefore, Because of the Doctrine of *Res Judicata,* Peregrin Had No Proper Legal Basis to Sue Milestone Again.**

29.    Peregrin's Second Claim alleged the exact same claims against Milestone - breach of fiduciary duty, negligence, violations of NASD Rules of Fair Practice, and failure to supervise. Peregrin also added a new claim -- violation of the Illinois Consumer Fraud act -- based on the exact same set of operative facts.

30.    It is indisputable that Peregrin dismissed, <u>with prejudice</u>, these very same claims against Milestone in the First Claim. The NASD panel noted in its award that, "after considering the pleadings, the testimony, and the evidence presented at the hearing, the panel has decided *in full and final resolution* of the issues submitted for determination" that Peregrin's claims against Milestone were dismissed with prejudice (an award which Peregrin never contested). (See Exhibit B)(emphasis added). The arbitration panel made its award in the First Claim to memorialize its full and final resolution of Peregrin's claims which he brought, or could have been brought, against Milestone.

31.    Thus, the doctrine of *res judicata* barred every one of Peregrin's claims against Milestone in the Second Claim. The claims in the Second Claim involved the same parties, the same facts, and the same claims as the First Claim. Moreover, *res judicata* also barred Peregrin's "new" Consumer Fraud claim, because "the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction". *Restatement (Second) of Judgments,* §24(1), at 196 (1982).

32.    While Milestone is not a party Respondent in this federal court proceeding, the application of *res judicata* barring Peregrin's claims against Milestone is critical in this case. Specifically, the doctrine of *res judicata* likewise bars all claims now brought against Kassar, who acted solely within his agency as a servant of Milestone.

**3.    By Operation of Law, When Peregrin Dismissed His Claims With Prejudice Against the Principal Milestone in the First Claim, His Claims Against the Agent Kassar Were Likewise Dismissed With Prejudice.**

33.    The arbitration award in the First Claim provided that Peregrin could file a new arbitration proceeding against Kassar, individually, "to the extent provided by law." (See Exhibit B). Illinois law, however, does not provide for the refiling of claims and issues already decided on the merits. As the controlling Illinois law explains below, *res judicata* bars any and all claims against an agent servant after the master principal has been adjudicated not liable for the same actions.

34.    The doctrine of *res judicata* has "special applicability in suits involving masters and servants". *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 122, 382 N.E.2d 1217 (Ill. 1978). According to the Illinois Supreme Court, the rule is that "a judgment for either the master or the servant, arising out of an action predicated upon the alleged negligence of the servant, bars a subsequent suit against the other for the same claim of negligence where the agency relationship

is not in question". *Id.* This result occurs even when the defendant in the subsequent action was not a party to the first action. *Id.*

35.     In *Towns*, the Illinois Supreme Court expressly held that the trial court's dismissal of the plaintiff's negligence claim against Yellow Cab Company, who was the employer to a cab driver involved in an accident with the plaintiff, served as *res judicata* with respect to the plaintiff's subsequent claim against the employee/agent, Joseph Smith. *Towns,* at 125-26. The *Towns* court stated that when an action is brought against a master based on the alleged tortious acts of his servant, "and no independent wrong is charged on behalf of the master, his liability is entirely derivative, being founded upon the doctrine of *respondeat superior*." *Id.* at 123-24. Indeed, the *Towns* court noted, "the liability of the master and servant for the acts of the servant is deemed that of one tortfeasor and is a consolidated or unified one." *Id.* As such, the *Towns* court reasoned that:

> "any legal action against the master must be said to be identical to that which the plaintiff may have asserted against the servant.  The operative facts which comprise the alleged bases for liability of the master are identical to those which would prove the servant liable  .  .  .  A judgment, therefore, adjudicating the master not liable, where a judgment to the contrary could have only resulted from a finding that the servant committed an actionable wrong against the plaintiff, is a judgment in legal effect that the servant is not liable."

*Id.* at 124 (citations omitted).

36.     In view of these principles, the Illinois Supreme Court recognized that, "assuming the agency relationship is admitted, a determination on the merits that the master is not liable can only mean that the claim against the servant must likewise fail.  And, while the instant case did not proceed to trial, it must be admitted that the plaintiff failed in her attempt to bind the master on the same claim that she now seeks to assert against the servant." *Id.* (emphasis added). Consequently, the *Towns* court held that, "a finding on the merits that the master is not liable is

thus a determination that the servant committed no actionable wrong against the plaintiff", and that the plaintiff's claims against the employee/agent were barred as a matter of law by the doctrine of *res judicata. Id.*

37.    Similarly, in *Williams v. Bolsten*, 184 Ill. App. 3d 832, 836-37, 540 N.E.2d 966 (1st Dist. 1989), the Court cited *Towns* and held that an adjudication on the merits in favor of the principal "bars the same action against the agent." The *Williams* court held that the trial court's dismissal of an action against a principal/employer – for the plaintiff's failure to exercise reasonable diligence in obtaining service of process on the principal – was an adjudication on the merits as to the employee/agent, and barred the plaintiff from subsequently pursuing the same action against the employee. *Id.* at 837.

38.    In the case at bar, there is no doubt that a) Kassar acted solely as an agent of Milestone; and b) Peregrin's claims against Milestone in the first arbitration action were entirely founded upon the doctrine of *respondeat superior*. Peregrin's alleged claims of negligence, breach of fiduciary duty, violations of NASD Rules of Fair Practice (i.e., breach of the applicable standard of care), and failure to supervise (based upon Kassar's purported failure to supervise in his capacity as branch manager) squarely centered on Kassar's alleged conduct as the agent of MilestoneThe NASD panel's final dismissal, with prejudice, of Peregrin's claims against Milestone operated to bar Peregrin from further pursuing his claims against Kassar as a matter of law.

39.    Thus, pursuant to the holding in *Towns,* the full and final arbitration award disposing of Peregrin's *respondeat superior* claims against Milestone in the First Claim likewise precluded any further litigation of Peregrin's claims against Kassar in the Second Claim. Consequently, the second NASD panel exceeded its powers and the scope of its authority in

hearing and determining claims against the agent Kassar which were extinguished previously by operation of law via *res judicata*.

**C.    The Doctrine of *Res Judicata* Barred Peregrin's Claims For Attorney's Fees and Interest Kassar in the Second Claim.**

40.    This court should also find that the doctrine of *res judicata* barred any award of attorney's fees or interest to Peregrin in the Second Claim. It is indisputable that in the First Claim the NASD panel made a specific finding in its award, <u>with prejudice</u>, which disallowed "any relief not specifically enumerated, including punitive damages and attorneys' fees". (See Exhibit B, p. 3, ¶ 4). This award denying <u>any</u> relief not specifically enumerated on the alleged claims applied specifically to both Milestone and Kassar. The first arbitration panel thus extinguished Peregrin's claims for attorneys' fees and pre-judgment interest when it denied, with prejudice, Peregrin's claims for this relief.

41.    Nonetheless, in his Second Claim, Peregrin sought and received an award of attorney's fees and pre-judgment interest on the exact same claims which he either alleged in the First Claim, or in the case of the Consumer Fraud case, he should have alleged in the First Claim.

42.    Federal courts have recognized that, "vacation or modification of an arbitration award is clearly proper where the arbitrator has exceeded his authority." *Container Products, Inc. v. United Steel Workers of America, and its Local 5651,* 873 F.2d 818, 820 (5th Cir. 1989); *Eljer Mfg., Inc. v. Kowin Development Corp.,* 14 F.3d 1250 1255-56 (7th Cir. 1994)(Court can modify an arbitrator's decision based upon claim that the arbitrator "exceeded [its] powers" only if arbitrator exceeds powers delegated to him by parties).

43.    In view of the NASD panel's self-described <u>full and final</u> adjudication on the merits of Peregrin's claims for attorneys' fees and interest in his First Claim, the doctrine of *res judicata* barred the second NASD panel from entertaining Peregrin's attorney's fees and interest

issues previously adjudicated by the first NASD panel. Thus, the second NASD panel exceeded its authority and its powers by awarding to Peregrin any relief for attorneys' fees or pre-judgment interest. As such, this Court should vacate that portion of the arbitration award providing an unauthorized award of attorneys' fees and interest in favor of Peregrin.

## VII.    Conclusion.

44.    For the foregoing reasons, Kassar respectfully requests that this Court find that Peregrin's claims in the Second Claim against Kassar were and are barred under the doctrine of *res judicata,* and vacate the arbitration award rendered in the Second Claim. In the alternative, Kassar asks that the portion of the arbitration award granting an award of attorney's fees and interest to Peregrin be vacated, and any further relief that the Court deems equitable and just.

Respectfully submitted,

William Edward Kassar, Jr.,

By: ___s/Jack L. Haan_____
One of his attorneys

Jack L. Haan
James J. Eccleston
Shaheen, Novoselsky, Staat, Filipowski & Eccleston, P.C.
20 N. Wacker Drive, #2900
Chicago, IL 60606
(312) 621-4400

14