# EXHIBIT A

BEFORE THE
NATIONAL ASSOCIATION OF SECURITIES DEALERS

| | |
|---|---|
| DAVID G. PEREGRIN, | ) |
| | ) |
| Claimant, | ) |
| | ) |
| v. | )   NASD NO. |
| | ) |
| MILESTONE GROUP | ) |
| MANAGEMENT, LLC and | ) |
| WIILIAM E. KASSAR, JR. | ) |
| | ) |
| Respondents. | ) |

## STATEMENT OF CLAIM

Claimant David G. Peregrin, through his counsel, James A. McGurk, alleges as follows for his Statement of Claim against the above named Respondents:

### INTRODUCTION

1. This matter is before the National Association of Securities Dealers, Inc. ("NASD"), pursuant to the NASD Code of Arbitration Procedure. This claim alleges violations by the Respondents of the NASD Rules of Fair Practice, as well as violations of the common law.

### PARTIES

2. Claimant David G. Peregrin ("**Peregrin**") was a public customer of Milestone Group Management, LLC from June, 2003 through May, 2004. At all relevant times,

Page 1 of 9



Peregrin resided in Grayslake, Illinois.

3. Respondent Milestone Group Management, LLC ("**Milestone**") was, at all relevant times, a registered broker dealer with the NASD with an office located at 50 Glenn Street Suite 300, Glen Cove, NY 11542. The principal office of Milestone is located at 1981 Marcus Avenue, Suite 141, Lake Success, NY 11042. The CRD registration number for Milestone is 44486. Milestone was incorporated as a New York limited liability company on August 4, 1997.

4. Respondent William E. Kassar, Jr. was a registered representative and branch manager with Milestone at all relevant times. The CRD registration number for Kassar is 2245223.

BACKGROUND

*David Peregrin*

5. Peregrin is presently 41 years of age, married and a resident of Grayslake, Illinois.

6. Peregrin owns and operates a small engineering firm that manages land improvements for subdivisions. The name of his firm is Falcon Consulting Enterprise, Inc. The total number of full time employees during the past three years for Falcon Consulting Enterprise has been four.

7. Peregrin has a degree in engineering but has never taken any classes in investments or finances.

8. Peregrin and his wife's adjusted gross income in 2000 was $122,466.

9. Peregrin and his wife's adjusted gross income in 2001 was $132,606.

10. Peregrin and his wife's adjusted gross income in 2002 was $140,598.

11. Peregrin is not, and was not at any relevant time, a subscriber to financial or investment publications.

12. Peregrin's only investments in securities prior to opening his account at Milestone was in a private placement and one small account approximately ten to fifteen years ago. Peregrin did have a retirement account through work.

## FACTS GIVING RISE TO CLAIM

*The Opening Of The Account*

13. In June, 2003, Peregrin received a cold call from Milestone concerning a potential investment.

14. The representatives of Milestone made extravagant representations of the information available to Milestone about the securities they offered. Representatives of Milestone made misrepresentations as to their success rate. Peregrin was assigned to respondent William E. Kassar, Jr.

15. Subsequently, Kassar and Milestone induced Peregrin to invest approximately $160,000.

16. After the investment, Kassar and Milestone traded the account very actively

generating commissions of approximately $13,068 and mark ups or mark downs on securities purchased or sold from or to Milestone's own inventory of $38,651.00 for a total of mark up and commissions of $51,719.00.

17. During the approximate six months that the account was actively traded, the account lost approximately $160,000. The majority of the loss occurred in the September, 2003 through December, 2003 time period with October to November, 2003 being the period of heaviest losses.

18. Of the loss, approximately $99,000 was lost on a single speculative issue, ROXI, a software company.

19. Because of his lack of knowledge regarding investment trading, Peregrin relied upon Kassar and Milestone for recommendations.

20. Accordingly, Peregrin relied upon the representations of Kassar and Milestone as to securities to purchase and sell.

21. Peregrin advised Kassar and Milestone that his investment objective was to make money but with manageable risk. Kassar represented to Peregrin that stop loss orders would be used.

22. At no time did Milestone provide Peregrin with a questionnaire concerning his investment objectives.

23. Based upon the representations of Kassar and of Milestone, Peregrin opened an account at Milestone on approximately June 16, 2003.

## THE ACCOUNT ACTIVITY

24. Peregrin never suggested any transactions. All decisions were made by Milestone representatives.

25. While Milestone had de facto control of the account, it placed trades in order to generate commissions and mark ups for the firm.

26. Milestone was aware that David Peregrin had minimal investment experience and had no way of being able to assess the appropriateness of the investments suggested by Milestone.

27. Peregrin finally decided to withdraw most of the funds in the account in December, 2003.

28. When Peregrin left, he had lost approximately $160,000 out an initial investment of approximately $209,000.

## COUNT I

### (BREACH OF FIDUCIARY DUTY)

29. Claimant David Peregrin realleges Paragraphs 1 through 28, above, and incorporates them herein.

30. Milestone was aware of Peregrin's inadequacy in investment matters, and cultivated the trust which Peregrin reposed in him.

31. Milestone owed a fiduciary duty to Peregrin by reason of its de facto control

over Peregrin's account and by reason of the trust and confidence placed in Milestone by Peregrin. As a result of the fiduciary duty owed to Peregrin, Milestone was obligated to:

a) use diligence to learn the facts regarding Peregrin's financial status, understanding of the market, and investment objectives, and to take such facts into account;

b) present thorough and accurate information regarding potential investments to Peregrin; and

c) refrain from recommending or effectuating securities transactions without reasonable grounds for believing (1) that such transactions were suitable for Peregrin, (2) that Peregrin understood the risks involved, and (3) that Peregrin could bear the risks financially.

32. Milestone breached the above described duties and responsibilities by executing unauthorized trades in the account, all of which were contrary to the best interests of Peregrin.

33. As a consequence of Milestone's breach of the fiduciary duty it owed to Peregrin, Peregrin has incurred an out of pocket loss of $160,000 and has been deprived of a reasonable return on such amount.

WHEREFORE, Claimant respectfully requests that an award be entered in his favor and against Milestone, in the amount of $160,000 plus interest thereon and costs, including filing fees, and for such other and further relief deemed just and equitable.

## COUNT II

### (NEGLIGENCE)

34. Claimant realleges Paragraphs 1 through 28, above, and incorporates them herein.

35. Milestone owed Peregrin a duty to act in a reasonable and prudent manner in making investment recommendations and in handling his account.

36. Milestone breached its duty of due care to Peregrin by failing to act as a reasonable and prudent person would have acted in the same or similar circumstances in the handling of his account.

37. As a proximate result of Milestone's breach of duty, Peregrin has incurred an out of pocket loss of $160,000 and has been deprived of a reasonable return on such amount.

WHEREFORE, Claimant respectfully requests that an award be entered in his favor and against Milestone in the amount of $160,000 plus interest thereon and costs, including filing fees, and for such other and further relief deemed just and equitable.

## COUNT III

### (VIOLATIONS OF NASD RULES OF FAIR PRACTICE)

#### (Rule 2110)

38. Claimant realleges Paragraphs 1 through 28, above, and incorporates them herein.

39. Respondent Milestone, by virtue of its above described acts and omissions, failed to observe high standards of commercial honor and just and equitable principles of trade, in violation of NASD Rule 2110, which provides, *"A member, in the course of his business, shall observe high standards of commercial honor and just and equitable principles of trade."*

40. Respondent Milestone, in violation of NASD Rule 2110, lacked reasonable grounds for believing that the transactions it executed in the account without authorization were suitable upon the basis of facts expressly disclosed to him by Peregrin as to his financial situation and needs.

41. Respondent Milestone effected transactions in or induced the purchase or sale of securities by means of manipulative, deceptive or other fraudulent devices or contrivances, in violation of NASD 2110.

42. As a proximate result of Respondent Milestone's above described violations, Peregrin has incurred an out of pocket loss of $160,000 and has been deprived of a reasonable return on such amount.

WHEREFORE, Claimant respectfully requests that an award be entered in his favor and against Milestone in the amount of $160,000 plus interest thereon and costs, including filing fees, and for such other and further relief deemed just and equitable.

COUNT IV

(FAILURE TO SUPERVISE)

43. Claimant realleges Paragraphs 1 through 28, above, and incorporates them herein.

44. Milestone is obligated to supervise diligently the actions of its partners, officers, employees and agents.

45. The actions set forth above constitute a failure by Milestone to comply with its obligations to supervise its employees and to review the activity in Peregrin's account.

46. As a direct and proximate result of the breach of duty by Milestone to diligently supervise its employees and to review the activity in the account, Peregrin has incurred an out of pocket loss of $160,000 and he has been deprived of a reasonable return on such amount.

WHEREFORE, Claimant respectfully requests that an award be entered in his favor and against Milestone in the amount of $160,000 plus interest thereon and costs, including filing fees, and for such other and further relief deemed just and equitable.

DATED: September 22, 2004

Respectfully submitted,

DAVID G. PEREGRIN

by: _____
His Counsel

James A. McGurk, Esq.
Law Offices of James A. McGurk, P.C.
140 South Dearborn Street
Suite 411
Chicago, Illinois 60603
(312) 236-8900
Fax (312) 782-0936