# EXHIBIT C

**BEFORE THE**
**NATIONAL ASSOCIATION OF SECURITIES DEALERS**

| | | |
|---|---|---|
| DAVID G. PEREGRIN, | ) | |
| | ) | |
| Claimant, | ) | |
| | ) | |
| | ) | |
| v. | ) | NASD NO. |
| | ) | |
| MILESTONE GROUP | ) | |
| MANAGEMENT, LLC and | ) | |
| WIILIAM E. KASSAR, JR. | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

**SECOND STATEMENT OF CLAIM**

Claimant David G. Peregrin, through his counsel, James A. McGurk, alleges as follows for his Second Statement of Claim against the above named Respondents:

**INTRODUCTION**

1.    This matter is before the National Association of Securities Dealers, Inc. ("NASD"), pursuant to the NASD Code of Arbitration Procedure. This claim alleges violations by the Respondents of the NASD Rules of Fair Practice, as well as violations of the common law. The initial statement of claim, NASD Arbitration case *David G. Peregrin v. Milestone Group Management, LLC and William E. Kassar, Jr.* No. 04-06892,

EXHIBIT

C

was filed on September 30, 2004 and was dismissed without prejudice by a panel of arbitrators on September 25, 2006 with leave to refile all claims available at law. A copy of the order of the panel in the First Statement of Claim, Case No. 04-06892 is attached as Exhibit A. All claims set forth below are timely under the applicable statutes of limitations.

## PARTIES

2.     Claimant David G. Peregrin ("**Peregrin**") was a public customer of Milestone Group Management, LLC from June, 2003 through May, 2004. At all relevant times, Peregrin resided in Grayslake, Illinois.

3.     Respondent Milestone Group Management, LLC ("**Milestone**") was, at all relevant times, a registered broker dealer with the NASD with an office located at 50 Glenn Street Suite 300, Glen Cove, NY 11542. The principal office of Milestone is located at 1981 Marcus Avenue, Suite 141, Lake Success, NY 11042. The CRD registration number for Milestone is 44486. Milestone was incorporated as a New York limited liability company on August 4, 1997.

4.     Respondent William E. Kassar, Jr. was a registered representative and branch manager of the Glen Cove, NY office of Milestone at all relevant times. The CRD registration number for Kassar is 2245223. William E. Kassar was registered with Milestone from October, 2002 to May, 2005. From July 7, 2005 to the present William E. Kassar, Jr. has been registered with Aura Financial Services, Inc. a broker dealer. William E. Kassar was suspended by the NASD as of June 19, 2006 as a General Securities Principal and as a General Securities Representative.

## BACKGROUND

### *David Peregrin*

5.    Peregrin is presently 43 years of age, married and a resident of Grayslake, Illinois.

6.    Peregrin owns and operates a small engineering firm that manages land improvements for residential subdivisions. The name of Peregrin's firm is Falcon Consulting Enterprise, Inc.  The total number of full time employees during the past three years for Falcon Consulting Enterprise has been four.

7.    Peregrin has a degree in engineering from the University of Wisconsin, Platteville but has never taken any classes in investments or finances.

8.    Peregrin and his wife's adjusted gross income in 2000 was $ 122,466.

9.    Peregrin and his wife's adjusted gross income in 2001 was $ 132,606.

10.    Peregrin and his wife's adjusted gross income in 2002 was $ 140,598.

11.    Peregrin is not, and was not at any relevant time, a subscriber to financial or investment publications.

12.    Peregrin's only investments in securities prior to opening his account at Milestone was in a private placement and one small securities account approximately ten to fifteen years ago.  Peregrin did have a retirement account through work.

## FACTS GIVING RISE TO CLAIM

### *The Opening Of The Account*

13.    In June, 2003, Peregrin received a cold call from William E. Kassar, Jr. of Milestone concerning a potential investment.   William E. Kassar, Jr. was registered at that time as a General Securities Principal and a General Securities Representative.

14.    William E. Kassar, Jr. made extravagant representations of the information available to Kassar and Milestone about the securities that Milestone offered.  Kassar made misrepresentations as to Kassar's success in trading for customers.  Peregrin was assigned to respondent William E. Kassar, Jr. throughout the time period in question.

15.    Subsequently, Kassar and Milestone induced Peregrin to invest approximately a total of about $209,000 of which approximately $160,000 was lost between June and December, 2003.

16.    After the initial investment, Kassar traded the account very actively generating commissions of approximately $13,068 and mark ups or mark downs on securities purchased or sold from or to Milestone's own inventory of $38,651.00 for a total of mark up and commissions of $51,719.00, most of which were incurred in the time period of September, 2003 through December, 2003.

17.    During the approximate six months that the Peregrin account was actively traded, the Peregrin account lost approximately $160,000.  The majority of the loss in the

account occurred in the September, 2003 through December, 2003 time period with October to November, 2003 being the period of heaviest losses.

18.    Of the losses in the Peregrin account at Milestone, approximately $99,000 was lost on a single speculative issue, ROXI, a software company.

19.    Because of his lack of knowledge regarding investment trading, Peregrin relied upon Kassar for recommendations as to securities to purchase and sell.

20.    Peregrin advised Kassar and Milestone that his investment objective was to make money but with manageable risk.  Kassar represented to Peregrin that stop loss orders would be used to strictly limit the potential loss.

21.    At no time did Milestone provide Peregrin with a questionnaire concerning his investment objectives.  Attached as Exhibit B is the account opening document for Peregrin prepared by William E. Kassar, Jr. with no investment objective marked for David Peregrin. The account opening document was completed by Kassar.

22.    Based upon the  representations of Kassar, Peregrin opened an account at Milestone on approximately June 16, 2003.

## THE ACCOUNT ACTIVITY

23.    Peregrin never suggested any transactions. All decisions were made by Kassar, a Branch Manager of the Milestone office.

24.    While Kassar had de facto control of the account, Kassar placed trades in order to generate commissions and mark ups for himself and for Milestone.

25.    Kassar was aware that David Peregrin had minimal investment experience and had no way of being able to assess the appropriateness of the investments suggested by Kassar.

26.    Kassar represented to Peregrin that he would call Peregrin each day and would advise him of developments.  Kassar failed to call Peregrin as Kassar had promised to do.

27.    Peregrin finally decided to withdraw most of the funds in the account in December, 2003.  Peregrin sent a fax dated December 8, 2003 which stated that David Peregrin wanted to close his account.

28.    When Peregrin left Milestone Group, Peregrin had lost approximately $160,000 out an initial investment of approximately $209,000.

29.    The turnover ratio in the Peregrin account was approximately 34.03.  That is, the average monthly account value was turned over at a rate equal to 34 times per year.

### *Milestone Group Management Disciplinary History*

30.    Milestone Group was named in at least one law suit by a former customer.

31.    Milestone Group was named in at least three NASD arbitrations by former customers, case numbers 02-05018, 03-06047 and 05-00756.

32.    Milestone Group's registration as a broker dealer was suspended by the NASD on September 12, 2005 for failure to pay arbitration fees in case number 03-06047-SF and 05-00756-NY.

### *William E. Kassar, Jr. Disciplinary History*

33.    On March 4, 2005, the NASD Division of Enforcement filed a Disciplinary Proceeding against William E. Kassar, Jr. and another broker based upon their actions involving customers of the Glen Cove, NY Milestone Group office. That proceeding was captioned *Department of Enforcement v. William Kassar, Jr. et al.*, No. CL 1050003.

34.    The NASD Division of Enforcement alleged that William E. Kassar, Jr. had defrauded Claimant David Peregrin as well as other customers.

35.    Specifically, the Division of Enforcement  v. William E. Kassar, Jr. proceeding alleged that the total annual turn over ratio for the David Peregrin account was 34.801. The cost to equity ration was annualized at 227%.

36.    The Division of Enforcement proceeding alleged William E. Kassar, Jr. engaged in excessive trading, churning and unsuitable trading for the account of David Peregrin.

### *Peregrin files the First Statement of Claim*

37.    After closing his account at Milestone Group,  on September 22,  2004, David Peregrin filed an arbitration proceeding before the NASD by submitting a Statement of Claim, a Uniform Submission Agreement and check for the filing fee of $2,125.00. Copies of the Uniform Submission Agreement signed by David Peregrin, Statement of Claim and check payable to the NASD are attached hereto as Group Exhibit C.

38.    On September 30, 2004, the NASD accepted and filed an arbitration proceeding captioned  *David G. Peregrin v. Milestone Group Management, LLC and William E. Kassar, Jr.* No. 04-06892.

39.    On October 6, 2004, the NASD forwarded a copy of the statement of claim to William E. Kassar, Jr. and to Milestone Group Management, LLC. Both Defendant Kassar and Defendant Milestone were members of the NASD at the time statement of claim was filed and were required to arbitrate the claim of David Peregrin. The arbitration hearing was designated to be heard in Chicago, IL.

40.    Rule 10301 of the NASD Code of Arbitration Procedure provides:

*Required submission*

*(a) Any dispute, claim or controversy eligible for submission under the Rule 10100 Series between a customer and a member and/or associated person arising in connection with the business of such member or in connection with the activities of such associated personas shall be arbitrated under this Code, as provided by any duly executed and enforceable written agreement or upon the demand of the customer.*

41.    At the time of submission of Uniform Submission Agreement of David Peregrin, both Defendants Kassar and Milestone Group were members of the National Association of Securities Dealers, Inc. and claims of Peregrin arose from the business of Kassar and Milestone Group.

42.    On November 19, 2004, Robert Bertsch, Esq., counsel for William E. Kassar, Jr. appeared in the arbitration proceeding and requested an extension of time to file an answer.

43.    On November 23, 2004, M. David Syaid, Esq., of Syaid and Associates, LLP., counsel for Milestone Group Management, LLC, filed an appearance and requested an extension of time to file an answer.

44.     On January 6, 2005, Defendant William E. Kassar, Jr., through counsel in the arbitration proceeding filed an answer and a motion for a more definite statement. In his answer, Defendant Kassar admitted being a registered representative with the NASD.

45.     On March 28, 2005, Syaid and Associates, LLP withdrew as counsel for Milestone Group Management, LLC. The letter of withdrawal stated that all notices should be sent to Mr. Paul Casella of Milestone Group Management, LLC. No statement of answer was ever filed by Milestone Group Management, LLC. On information and belief, Milestone Group Management, LLC is no longer conducting business.

46.     On May 6, 2005, the NASD sent a letter to the parties identifying the arbitrators as:    Robert W. Edler, Esq., Chair, Mark F. Duffy, Esq. and Kenneth J. Good, Esq.

47.     On June 10, 2005, a pre-hearing conference was held and the arbitrators set the arbitration hearing date as October 13 and 14, 2005.

48.     Counsel for Respondent William E. Kassar, Jr. subsequently moved for an extension of the October 13, 2005 arbitration hearing date without payment of the NASD Rule 10319 (b) fee for requesting a continuance. Initially, the panel issued an order denying the first motion for a continuance.

49.     On June 30, 2005, the Panel issued an order denying the motion for a more definite statement filed by Defendant William E. Kassar, Jr.

50.     Subsequently, the matter was rescheduled for arbitration hearing on December 14, 2005.

51.    Subsequently the arbitration hearing was scheduled for February 27, 2006.

52.    On February 23, 2006, counsel for Defendant Kassar moved for a continuance of the February 27, 2006 arbitration hearing date without filing a postponement fee required by NASD Rule 10319 (b).

53.    A new arbitration hearing date of May 17, 2006 was set by the panel.

54.    On April 4, 2006, the Chair, Robert W. Edler disclosed by letter to the parties that a potential issue relating to a potential conflict of interest had arisen. Mr. Edler stated that his firm was involved in a case in which someone from Mr. Edler's firm had consulted with James A. McGurk, counsel for the Claimant Peregrin. Mr. Edler offered to withdraw as a member of the panel if any party chose to request that he do so.

55.    Counsel for all parties received the notice of Chairman Edler and no one, including Robert W. Bertsch, Esq., counsel for the Respondent Kassar, objected to his continued participation on the panel.

56.    On May 10, 2006 and May 11, 2006, pursuant to the Arbitration Rules of the NASD, counsel for David Peregrin provided the trial exhibits and list of witnesses to Robert W. Bertsch, counsel for Defendant Kassar as part of the pre-hearing exchange.

57.    On May 15, 2006, Robert W. Bertsch, Esq. withdrew as counsel for Defendant William E. Kassar, Jr., two days before the scheduled start of the arbitration proceeding.

58.    On the same date, May 15, 2006, William E. Kassar, Jr., *pro se,* moved to continue the arbitration hearing date of May 17, 2006 without submitting the postponement

fee required by NASD Rule 10319(b).

59.    On May 16, 2006, the panel issued a letter that provided in relevant part:

> *The panel has unanimously decided to postpone the hearings set for the next three days, (May 17, 18, and 19) in light of the untimely resignation of counsel for Mr. Kassar.*

> *The panel has unanimously decided to provide Mr. Kassar until Monday, July 17, 2006 to retain new counsel. The panel urges Mr. Kassar to retain new counsel as soon as possible so that such counsel shall have time to begin preparation for the hearing in this matter. Failure by Mr. Kassar to retain new counsel by said date shall be taken as a decision by Mr. Kassar to represent himself in this matter.*

> *A pre-hearing conference shall be held on Thursday, July 20, 2006 at 10:00 a.m. (Chicago Time) to determine the hearing dates in for this matter.*

60.    No counsel for Respondent Kassar filed and appearance with the NASD by July 17, 2006.

61.    On July 20, 2006, the panel set the hearing date for this matter for Monday September 18, 2006 and Tuesday, September 19, 2006.

62.    Official notice was mailed to Respondent Kassar by letter dated July 25, 2006 advising Kassar of the new hearing date of September 18, 2006.

63.    On July 27, 2006, counsel for the Claimant Peregrin sent a letter via FedEx to Respondent Kassar with an additional copy of the official July 25, 2006 notice of the hearing on September 18, 2006.

64.    On September 7, 2006, Sheldon H. Gopstein, Esq. entered his appearance as counsel for Respondent William E. Kassar, Jr. in arbitration proceeding 04-06892, *David G. Peregrin v. Milestone Group Management, LLC and William E. Kassar, Jr.*

65.     On September 7, 2006, Sheldon H. Gopstein moved for a continuance of the September 18, 2006 hearing date without submitting a postponement fee. Mr. Gopstein advised the NASD and the parties that he was available on September 25 and 26, 2006 for the arbitration but could not proceed on September 18, 2006.

66.     On September 12, 2006, counsel for Claimant Peregrin filed an opposition to the request for a continuance by Respondent Kassar.

67.     On Wednesday, September 13, 2006, the panel denied the motion of the Respondent Kassar to continue the hearing.

68.     On Thursday, September 14, 2006, counsel for Respondent Kassar moved for reconsideration and requested a telephonic oral argument before the panel during which counsel for Kassar again requested that the panel postpone the September 18, 2006 hearing.

69.     Following the Thursday, September 14, 2006 telephonic oral hearing, the panel issued a decision based upon a 2 to 1 vote. The order of the panel was included in a message from the Chair, Robert W. Edler that stated as follows:

> The Panel has decided by a 2 to 1 vote that Respondent Kassar's request to postpone the hearing scheduled for September 18 and 19, 2006 is denied. Although Arbitrator Good was unable to participate in the hearing today (because the hearing was late due to Mr. Gopstein not being available at the appointed time, namely, Noon), Mr. Good advised me, at about 12:15 p.m., that he was solidly of the opinion that no further postponements should be granted and he was positive that he would vote against any postponement. The parties agreed to proceed with two arbitrators during today's [September 14, 2006] hearing. That was an implicit agreement, in my view, that a time vote of Mr. Duffy and me would be broken by the vote of Mr. Good. Hence, the vote is 2 to 1 against postponement. Please advise the parties. Thank you. Robert W. Edler, Chair, for the Panel.

70.    On Friday, September 15, 2006, counsel for Kassar filed a letter with the NASD staff that argued (1) the decision of the panel dated September 14, 2006 should be vacated and (2) that the Chair Robert W. Edler and Arbitration Panel member Kenneth Good should be disqualified because Sheldon Gopstein had just learned of the April 4, 2006 letter of Robert W. Adler disclosing the potential conflict and (3) Kenneth J. Good should be disqualified for "pre-judging" the September 14, 2006 motion for reconsideration of the decision denying William Kassar's motion to continue the September 18, 2006 arbitration date.

71.    On Friday, September 15, 2006, counsel for the Claimant responded to the arguments raised on the matter.

72.    Later in the afternoon on Friday, September 15, 2006, the NASD advised the parties that the motion to disqualify Chair Robert W. Elder and Arbitrator Kenneth J. Good was denied by the NASD Director of Arbitration.

73.    On Monday, September 18, 2006, an arbitration hearing was convened by the NASD panel in Chicago.

74.    Present at the hearing were counsel for the Claimant David Peregrin, Mr. Peregrin's wife, James P. Ryan, the Claimant's disclosed expert, the case administrator for the NASD, Mr. Matthew Luzi, Chair Robert W. Edler and Panel Member Kenneth J. Good.

75.    Respondent Kassar and counsel for the Respondent Kassar, Sheldon H. Gopstein, participated by telephone.

76.     Counsel for Respondent Kassar again argued that Chair Edler and Panel Member Kenneth J. Good be disqualified and argued that the hearing should be continued.

77.     After consideration of the arguments, the Panel denied the renewed motion to disqualify the Chair and the Panel Member Kenneth Good.

78.     The Panel announced the Panel Member Mark J. Duffy had withdrawn from the panel on the morning of September 18, 2006 and without the agreement of the parties to proceed with two arbitrators, the proceedings could not proceed.

79.     Sheldon H. Gopstein, counsel for the Defendant Kassar advised the panel that his client would not agree to proceed with two arbitrators.

80.     The Panel then set Monday, September 25, 2006, as the date for resumption of the arbitration hearing and stated that the NASD would announce a replacement arbitrator for Mr. Duffy prior to that date.

81.     Counsel for the Respondent Kassar advised the panel, that he would not agree to proceed on September 25, 2006 because he believed that the panel members, Mr. Good and Mr. Edler should be disqualified and that he would seek judicial intervention to prevent the arbitration from proceeding.

82.     Later in the day on September 18, 2006, the NASD staff advised the parties that, Mr. Michael Gedzun, a replacement arbitrator had been selected by the NASD to complete the panel that the replacement arbitrator would be available to proceed on September 25, 2006.

83.   The Rules of the NASD require that every member must appear and respond to arbitration statements of claim.

### David Peregrin files a U.S. District Court Lawsuit on 9/20/06 to Compel the Arbitration to Proceed

84.   Due to the threat by Respondent Kassar to file an injunctive action in state or federal court in New York against the proceedings, Claimant David Peregrin filed an injunctive action seeking a Temporary Restraining Order ("TRO") before the U.S. District Court on September 20, 2006.  That case was captioned *David G. Peregrin v. Milestone Group Management, LLC and William E. Kassar, Jr.*, No. 06 C 5096 (U.S.D.C. N.D.Il. 2006).

85.   The Federal Court proceeding was filed pursuant to the Federal Arbitration Act, 9 U.S.C. § 4.

86.   The Federal Court proceeding alleged that Milestone Group and Kassar were both obligated under the provisions of  the NASD Rules to participate in NASD customer arbitration proceedings.

### The U.S. District Court for the Northern District of Illinois Issues a Temporary Restraining Order

87.   At the time the original federal court complaint was filed, Peregrin requested a prompt hearing on the motion for a TRO so as to avoid a delay in the arbitration proceeding.  A hearing on the motion for a TRO was set for September 21, 2006.

88.    Copies of all pleadings were served upon counsel for William E. Kassar, Jr.

89.    On September 21, 2006, a hearing was held on the motion of Peregrin for a TRO. After the hearing, the U.S. District Court for the Northern District of Illinois entered a TRO requiring that the arbitration proceed on September 25, 2006.

90.    Copies of the order of the U.S. District Court were served on the NASD and upon counsel for William E. Kassar, Jr.

### The Arbitration Panel Dismisses the First Statement of Claim without Prejudice

91.    On September 25, 2006, the arbitration hearing proceeded.  At the hearing, counsel for the Respondent William E. Kassar moved to dismiss the proceeding based upon the grounds that the prayer for relief was only directed against Milestone and not against Kassar.

92.    After argument by counsel, the panel granted the motion to dismiss the proceeding without prejudice and stated that the Claimant was free to refile all claims not otherwise barred.

### COUNT I

### (BREACH OF FIDUCIARY DUTY)

93.    Claimant David Peregrin realleges Paragraphs 1 through 92 above, and incorporates them herein.

94.    Kassar and Milestone were aware of Peregrin's inadequacy in investment

matters, and cultivated the trust which Peregrin reposed in Kassar.

95.    Kassar and Milestone owed a fiduciary duty to Peregrin by reason of the de facto control over Peregrin's account exercised by Kassar and by reason of the trust and confidence placed in Kassar and Milestone by Peregrin.  As a result of the fiduciary duty owed to Peregrin, Kassar and Milestone were obligated to:

> a)    use diligence to learn the facts regarding Peregrin's financial status, understanding of the market, and investment objectives, and to take such facts into account;
>
> b)    present thorough and accurate information regarding potential investments to Peregrin; and
>
> c)    refrain from recommending or effectuating securities transactions without reasonable grounds for believing (1) that such transactions were suitable for Peregrin, (2) that Peregrin understood the risks involved, and (3) that Peregrin could bear the risks financially. Kassar breached the above described duties and responsibilities by executing unauthorized trades in the account, all of which were contrary to the best interests of Peregrin.

96.    As a consequence of Milestone's breach of the fiduciary duty it owed to Peregrin, Peregrin has incurred an out of pocket loss of $160,000 plus the costs of the first and second arbitration proceedings and has been deprived of a reasonable return on such amount.

WHEREFORE, Claimant respectfully requests that an award be entered in his favor against Milestone and Kassar, in the amount of $160,000 plus the costs of the first and second arbitration

proceedings and interest thereon and costs, including filing fees, and for such other and further relief deemed just and equitable.

## COUNT II

### (NEGLIGENCE)

97.    Claimant realleges Paragraphs 1 through 92 above, and incorporates them herein.

98.    Kassar and Milestone owed Peregrin a duty to act in a reasonable and prudent manner in making investment recommendations and in handling his account.
Kassar and Milestone breached their duty of due care to Peregrin by failing to act as a reasonable and prudent person would have acted in the same or similar circumstances in the handling of his account.

99.    As a proximate result of Kassar' and Milestone's breach of duty, Peregrin has incurred an out of pocket loss of $160,000 plus the costs of the first and second arbitration and has been deprived of a reasonable return on such amount.

Wherefore Claimant respectfully requests that an award be entered in his favor and against Kassar and against Milestone in the amount of $160,000 and the costs of the first and second arbitration plus interest thereon and costs, including filing fees, and for such other and further relief deemed just and equitable.

## COUNT III

### (VIOLATIONS OF NASD RULES OF FAIR PRACTICE)

(Rule 2110)

100.    Claimant realleges Paragraphs 1 through 90, above, and incorporates them herein. Respondents Kassar and Milestone, by virtue of their above described acts and omissions, failed to observe high standards of commercial honor and just and equitable principles of trade; in violation of NASD Rule 2110, which provides, *"A member, in the course of his business, shall observe high standards of commercial honor and just and equitable principles of trade."*

101.    Respondents Kassar and Milestone, in violation of NASD Rule 2110, lacked reasonable grounds for believing that the transactions it executed in the account without authorization were suitable upon the basis of facts expressly disclosed to him by Peregrin as to his financial situation and needs.

102.    Respondents Kassar and Milestone effected transactions in or induced the purchase or sale of securities by means of manipulative, deceptive or other fraudulent devices or contrivances, in violation of NASD 2110.

103.    As a proximate result of Respondent Kassar's and Milestone's above described violations, Peregrin has incurred an out of pocket loss of $160,000 plus the costs of the first and second arbitration and has been deprived of a reasonable return on such amount.

WHEREFORE, Claimant Peregrin respectfully requests that an award be entered in his favor and against Kassar and against Milestone in the amount of $160,000 plus the costs of the first and second arbitration plus interest thereon and costs, including filing fees, and

for such other and further relief deemed just and equitable.

## COUNT IV

### (FAILURE TO SUPERVISE)

104.    Claimant realleges Paragraphs 1 through 92 above, and incorporates them herein. Respondent Kassar as the Branch Manager is obligated to supervise diligently the actions of its partners, officers, employees and agents.

105.    The actions set forth above constitute a failure by Respondent Kassar to comply with his obligations to supervise its employees and to review the activity in Peregrin's account.

106.    As a direct and proximate result of the breach of duty by Milestone to diligently supervise its employees and to review the activity in the account, Peregrin has incurred an out of pocket loss of $160,000 plus the costs of the first and second arbitrations and he has been deprived of a reasonable return on such amount.

WHEREFORE, Claimant respectfully requests that an award be entered in his favor against Kassar and against Milestone in the amount of $160,000 plus the costs of the first and second arbitrations interest thereon and costs, including filing fees, and for such other and further relief deemed just and equitable.

## COUNT V

## (ILLINOIS CONSUMER FRAUD AND
## DECEPTIVE BUSINESS PRACTICES ACT)

### (815 ILCS 505/1 et seq.)

107.    Claimant realleges and reasserts Paragraphs 1 through 92 as if each is set forth at length herein.

108.    Claimant, as a residents of Illinois, was a consumer as that term is used in the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*

109.    Respondents Milestone and Kassar conducted business in Illinois by their conduct vis a vie Claimant and are subject to the provisions of the Illinois Consumer Fraud and Deceptive Business Practices Act.

110.    Respondents Milestone Group and Kassar owed a fiduciary duty to Claimant by reason of the trust and reliance placed in Milestone and Kassar by Claimant.

111.    Respondents Milestone Group and Kassar breached that duty by recommending unsuitable securities that were in appropriate in type, concentration and size.

112.    The conduct of Respondents Milestone Group and Kassar set forth above constitutes a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*

113.    As a proximate result of the violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Claimant has suffered damages in the amount of $160,000.

Wherefore, Claimant respectfully prays for entry of an award against Respondent Milestone Group and against Respondent Kassar in the amount of $160,000 plus the costs of the first and

second arbitrations, including  interest, costs and reasonable attorney's fees and punitive damages.

DATED: November 22, 2006                    Respectfully submitted,


                                            DAVID G. PEREGRIN


                                    by: _____
                                            His  Counsel


James A. McGurk, Esq.
Law Offices of James A. McGurk, P.C.
140 South Dearborn Street
Suite 411
Chicago, Illinois 60603
(312) 236-8900
Fax (312) 782-0936

## Exhibits to Second Statement of Claim

| Exhibit | Description |
| --- | --- |
| A | Order of Panel in *David G. Peregrin v. Milestone Group Management, LLC and William E. Kassar, Jr.* No. 04-06892. |
| B | Account opening document for David G. Peregrin |
| C | Uniform Submission Agreement signed by David Peregrin on September 22, 2004, Statement of Claim and original check payable to the NASD. |