# EXHIBIT D

# AWARD
## FINRA Dispute Resolution

In the Matter of the Arbitration Between:

**Name of Claimant**

David G. Peregrin

vs.

**Names of Respondents**

Milestone Group Management, LLC
and William E. Kassar, Jr.

Case Number: 06-05099
Hearing Site: Chicago, Illinois

## NATURE OF THE DISPUTE

Customer vs. Terminated Member and Associated Person

## REPRESENTATION OF PARTIES

David G. Peregrin ("Claimant" or "Peregrin") was represented by James A. McGurk, Esq., Law Offices of James A. McGurk, PC, Chicago, Illinois.

Milestone Group Management, LLC ("Milestone") did not make an appearance.

William E. Kassar, Jr. ("Kassar") was represented by Sheldon H. Gopstein, Esq., Law Office of Sheldon H. Gopstein, Esq., New York, New York from on or about June 25, 2007 until on or about January 4, 2008. At all other times, William E. Kassar, Jr. appeared pro se.

## CASE INFORMATION

The Statement of Claim was filed on or about November 28, 2006. The Submission Agreement of Claimant, David G. Peregrin, was signed on or about November 15, 2006. Claimant, David G. Peregrin, filed a Response to the Motion to Dismiss on or about October 9, 2007.

The Statement of Answer was filed by Respondent, William E. Kassar, Jr., on or about August 24, 2007. The Submission Agreement of Respondent, William E. Kassar, Jr., was signed on or about January 18, 2007. On or about September 17, 2007, Respondent, William E. Kassar, Jr., filed a Motion to Dismiss. On or about October 9, 2007, Respondent, William E. Kassar, Jr., filed a letter in support of his Motion to Dismiss.



FINRA Dispute Resolution
Arbitration No. 06-05099
Award   Page 2 of 6

## CASE SUMMARY

Claimant asserted the following causes of action: breach of fiduciary duty; negligence; violation of NASD rules of fair practice; failure to supervise; and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act. Claimant alleged that Respondents made various trades in Claimant's account for the purpose of generating commissions. Claimant alleged that the investments made were risky and speculative stocks, such as ROXI, which according to Claimant were unsuitable and caused substantial losses in his account.

Unless specifically admitted in his Answer, Respondent, William E. Kassar, Jr., denied the allegations made in the Statement of Claim and asserted affirmative defenses including the following: Claimant failed to state a claim upon which relief can be granted; Claimant authorized and/or ratified all transactions in his securities account; Claimant is barred from recovery on his claims because he knowingly assumed the risk of his investments; and no private right of action exists nor may damages be awarded for violations, in any, of the rules of self regulatory agencies.

## RELIEF REQUESTED

Claimant requested an award in the amount of:

| | |
|---|---|
| Actual/Compensatory Damages | $ 160,000.00 |
| Exemplary/Punitive Damages | Unspecified |
| Interest | Unspecified |
| Attorneys' Fees | Unspecified |
| Other Costs | Unspecified |
| Other Monetary Relief | Unspecified |

Respondent, William E. Kassar, Jr., requested that the claims asserted against him be dismissed in their entirety and that he be awarded his costs.

## OTHER ISSUES CONSIDERED & DECIDED

Upon review of the file and the representations made by/on behalf of the Claimant, the undersigned Panel determined that Respondent, Milestone Group Management, LLC, has been properly served with the Statement of Claim and received due notice of the hearing, and that arbitration of the matter would proceed without said Respondent, Milestone Group Management, LLC present, in accordance with the Code of Arbitration Procedure (the "Code").

In its Order dated July 25, 2007, the Panel ordered as follows:

FINRA Dispute Resolution
Arbitration No. 06-05099
Award   Page 3 of 6

1. Kassar shall have until August 24, 2007 to file an Answer.

2. Respondent shall have until September 17, 2007 to file a Motion to Dismiss and/or Motion to Continue the hearing scheduled for October 15 - 17, 2007.

3. Claimant shall have until October 1, 2007, to Respond to Respondent's Motion to Dismiss and/or Continue.

4. Kassar shall have until October 9, 2007 to Respond to Claimant's Reply.

On or About September 17, 2007, Kassar filed a Motion to Adjourn the hearing dates of October 15 - 17, 2007. Claimant filed a response on or about October 2, 2007.

In its Order issued on or about October 9, 2007, the Panel denied Kassar's Motion to Dismiss and Kassar's Motion to Adjourn.

On or about October 15, 2007, Kassar filed a Motion to Reconsider Denial of the Motion for Adjournment and a Motion to Compel Discovery.

In its Order dated October 15, 2007, the Panel ordered as follows:

1. Motion to Reconsider the Denial of the Motion for Adjournment is granted and the hearing is rescheduled for January 7, 8, and 9, 2008.

2. Motion to Compel Discovery is granted and Claimant is ordered to respond to Respondent's Discovery Request on or before October 31, 2007.

3. The parties shall advise FINRA of the need for an additional pre-hearing conference to resolve any outstanding discovery disputes on or before November 14, 2007.

On or about January 4, 2008, counsel for Kassar withdrew his appearance and filed a request to adjourn the hearing for thirty (30) days. On or about January 4, 2008, Peregrin filed a Response to Kassar's January 4, 2008 Motion for Adjournment of the Arbitration Hearing Date.

In its Order dated January 4, 2008, the Panel ordered that Kassar's request is denied and that the hearing on this matter shall proceed as scheduled.

At the hearing, Kassar made several oral motions to dismiss Milestone Group Management, LLC and to dismiss William E. Kassar, Jr. All were denied by the Panel.

FINRA Dispute Resolution
Arbitration No. 06-05099
Award   Page 4 of 6

At the hearing, Kassar made three oral motions to adjourn the proceeding. All were denied by the Panel.

At the hearing, Kassar moved for the Panel to recuse itself. The Panel denied the motion.

At the hearing, Claimant moved for an Order of Contempt against Kassar. The Panel denied the motion.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony, and the evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1.) Respondent, William E. Kassar, Jr., is liable for and shall pay to Claimant, David G. Peregrin, the sum of $137,000.00 in compensatory damages;

2.) Respondent, William E. Kassar, Jr., is liable for and shall pay to Claimant, David G. Peregrin, interest on the above-stated sum at the rate of 5% per annum from and including January 1, 2004 through and including January 1, 2008;

3.) Respondent, William E. Kassar, Jr., is liable for and shall pay to Claimant, David G. Peregrin, the sum of $7,045.00 in costs;

4.) Respondent, William E. Kassar, Jr., is liable for and shall pay to Claimant, David G. Peregrin, the sum of $54,252.00 in attorneys' fees pursuant to the Illinois Consumer Fraud and Deceptive Practices Act; and

5.) Any relief not specifically enumerated, including punitive damages, is hereby denied with prejudice.

FINRA Dispute Resolution
Arbitration No. 06-05099
Award    Page 5 of 8

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees

FINRA Dispute Resolution will retain the non-refundable filing fee for each claim:

Initial Claim filing fee                                                    = $    300.00

### Adjournment Fees

Adjournments granted during these proceedings:

October 16 – 17, 2007, adjournment requested by William E. Kassar, Jr.  = $  1,125.00

### Three-Day Cancellation Fees

Fees apply when a hearing on the merits is postponed or settled within three business days before the start of a scheduled hearing session:

October 16 – 17, 2007, adjournment requested by William E. Kassar, Jr.  = $    300.00

### Forum Fees and Assessments

The Panel has assessed forum fees for each hearing session conducted or each decision rendered on a discovery-related motion on the papers or a contested motion for the issuance of a subpoena. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

Two (2) Pre-hearing sessions with Panel x $1,125.00                         = $  2,250.00
Pre-hearing conferences:  April 26, 2007    1 session
                          July 25, 2007     1 session

Seven (7) Hearing sessions x $1,125.00                                      = $  7,875.00
Hearing Dates:    October 15, 2007    1 session
                  January 7, 2008     2 sessions
                  January 8, 2008     2 sessions
                  January 9, 2008     2 sessions

Total Forum Fees                                                            = $ 10,125.00

The Panel has assessed $10,125.00 of the forum fees to William E. Kassar, Jr.

FINRA Dispute Resolution
Arbitration No. 06-05099
Award    Page 6 of 8

## FEE SUMMARY

Claimant, David G. Peregrin, is liable for:

| | |
|---|---|
| Initial Filing Fee | = $ 300.00 |
| Total Fees | = $ 300.00 |
| Less payments | = $ 2,125.00 |
| Refund Due David G. Peregrin | = $ 1,825.00 |

Respondent, William E. Kassar, Jr., is liable for:

| | |
|---|---|
| Adjournment Fee | = $ 1,125.00 |
| Three-Day Cancellation Fee | = $ 300.00 |
| Forum Fees | = $ 10,125.00 |
| Total Fees | = $ 11,550.00 |
| Less payments | = $ 0.00 |
| Balance Due FINRA Dispute Resolution | = $ 11,550.00 |

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

Caroline N. Harney - Public Arbitrator, Presiding Chair
Carol McHugh Sanders - Public Arbitrator
Gary David Cope - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

/s/ Caroline N. Harney
Caroline N. Harney
Public Arbitrator, Presiding Chair

January 18, 2008
Signature Date

/s/ Carol McHugh Sanders
Carol McHugh Sanders
Public Arbitrator

January 18, 2008
Signature Date

/s/ Gary David Cope
Gary David Cope
Non-Public Arbitrator

January 17, 2008
Signature Date

January 18, 2008
Date of Service  (For FINRA office use only)

FINRA Dispute Resolution
Arbitration No. 06-05098
Award   Page 6 of 8

## FEE SUMMARY

| | | |
|---|---|---|
| Claimant, David G. Peregrin, is liable for: | = $ | 300.00 |
| Initial Filing Fee | = $ | 300.00 |
| Total Fees | = $ | 2,125.00 |
| Less payments | = $ | 1,825.00 |
| Refund Due David G. Peregrin | | |
| | | |
| Respondent, William E. Kassar, Jr., is liable for: | = $ | 1,125.00 |
| Adjournment Fee | = $ | 300.00 |
| Three-Day Cancellation Fee | = $ | 10,125.00 |
| Forum Fees | = $ | 11,550.00 |
| Total Fees | = $ | 0.00 |
| Less payments | | |
| Balance Due FINRA Dispute Resolution | = $ | 11,550.00 |

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

Caroline N. Harney - Public Arbitrator, Presiding Chair
Carol McHugh Sanders - Public Arbitrator
Gary David Cope - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

_N. Caroline Harney_   1/18/08
Caroline N. Harney     Signature Date
Public Arbitrator, Presiding Chair

_____   _____
Carol McHugh Sanders     Signature Date
Public Arbitrator

_____   _____
Gary David Cope          Signature Date
Non-Public Arbitrator

_____
Date of Service (For FINRA office use only)

FINRA Dispute Resolution
Arbitration No. 08-03099
Award    Page 8 of 8

## FEE SUMMARY

Claimant, David G. Peregrin, is liable for:

| | | |
|---|---|---|
| Initial Filing Fee | = $ | 300.00 |
| Total Fees | = $ | 300.00 |
| Less payments | = $ | 2,125.00 |
| Refund Due David G. Peregrin | = $ | 1,825.00 |

Respondent, William E. Kassar, Jr., is liable for:

| | | |
|---|---|---|
| Adjournment Fee | = $ | 1,125.00 |
| Three-Day Cancellation Fee | = $ | 300.00 |
| Forum Fees | = $ | 10,125.00 |
| Total Fees | = $ | 11,550.00 |
| Less payments | = $ | 0.00 |
| Balance Due FINRA Dispute Resolution | = $ | 11,550.00 |

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

Carolina N. Harney - Public Arbitrator, Presiding Chair
Carol McHugh Sanders - Public Arbitrator
Gary David Cope - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

_____                              _____
Caroline N. Harney                                            Signature Date
Public Arbitrator, Presiding Chair

_Carol McHugh Sanders_ (signed)                              _Jan. 13 2008_ (signed)
Carol McHugh Sanders                                          Signature Date
Public Arbitrator

_____                              _____
Gary David Cope                                               Signature Date
Non-Public Arbitrator

_____
Date of Service (For FINRA office use only)

Total...
Less payments
Balance Due FINRA Dispute Resolution.

All balances are payable to FINRA Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

Caroline N. Harney - Public Arbitrator, Presiding Chair
Carol McHugh Sanders - Public Arbitrator
Gary David Cope - Non-Public Arbitrator

Concurring Arbitrators' Signatures:

_____
Caroline N. Harney
Public Arbitrator, Presiding Chair

_____
Signature Date

_____
Carol McHugh Sanders
Public Arbitrator

_____
Signature Date

_____
Gary David Cope
Non-Public Arbitrator

1/17/08
_____
Signature Date

_____
Date of Service (For FINRA office use only)