**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID G. PEREGRIN,** | ) | |
| | ) | |
| **Petitioner, Counter-Respondent,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 08 C 759** |
| | ) | |
| **WILLIAM EDWARD KASSAR, JR.,** | ) | **Judge Kocoras** |
| | ) | |
| **Respondent, Counter-Petitioner.** | ) | |
| | ) | |

**PETITIONER DAVID G. PEREGRIN'S MEMORANDUM OF LAW IN OPPOSITION
TO RESPONDENT KASSAR'S PETITION TO VACATE ARBITRATION AWARD**

Petitioner, Counter-Respondent David G. Peregrin ("Peregrin"), by and through his attorney, James A. McGurk, and hereby submits this Memorandum of Law in Opposition to Counter-Petitioner William Edward Kassar, Jr.'s ("Kassar") Petition to Vacate Arbitration Award.

**SUMMARY OF THE PETITION**

Kassar has moved to vacate an arbitration award on the grounds that Peregrin's claims were fully and finally decided on the merits by a previous arbitration panel (the "First Arbitration Panel"). In fact, the First Arbitration Panel heard no testimony considered no evidence and made no determinations on the merits; and the First Arbitration Panel issued an arbitration award stating that Peregrin was permitted to file a new arbitration proceeding. Peregrin filed a second arbitration proceeding and received an award from the second arbitration panel (the "Second Arbitration Panel"). Kassar now argues that *res judicata* barred the Second Arbitration Panel from hearing Peregrin's claims and that the Second Arbitration Panel exceeded its authority when it issued the arbitration award. Kassar's argument is baseless.

## FACTUAL BACKGROUND

In September 2004, Peregrin filed an arbitration action before the NASD[1] entitled *David G. Peregrin v. Milestone Group Management, LLC and William E. Kassar, Jr.,* NASD No. 04-06892 (the "First Arbitration Action"). Petition to Vacate Ex. A.[2] Peregrin alleged breach of fiduciary duty, negligence, violations of NASD Rules of Fair Practice (Rule 2110) and failure to supervise.

The First Arbitration Action reached hearing in September 2006 after numerous continuances sought by Kassar. By September, 2006, Milestone was no longer doing business. After a TRO proceeding compelled Kassar to proceed with the arbitration, a hearing was held. At that hearing, Kassar's attorney argued that Kassar's name did not appear in any of the individual counts set forth in Peregrin's statement of claim despite being listed in the captioned and described throughout the statement of claim. Kassar's attorney moved for dismissal with respect to Kassar on the grounds that Peregrin had asserted no claims against Kassar. That motion was granted. Peregrin's attorney subsequently moved for dismissal with respect to Milestone because it no longer existed as an entity. The First Arbitration Panel subsequently issued an award stating as following:

> "After considering the pleadings, the testimony, and the evidence presented at the hearing the panel has decided in full and final resolution of the issues submitted for determination as follows: 1) Claimant's claims asserted against Respondent William E. Kassar, Jr. are **dismissed without prejudice. Claimant may file a new arbitration proceeding to the extent permitted by applicable law**;

---

[1]   As of July, 2007 the National Association of Securities Dealers (NASD) is now the Financial Industry Regulatory Authority (FINRA).   In these papers, Peregrin will refer to this association only as NASD.

2)  Claimant's claims asserted against Respondent Milestone
Group Management, LLC, are dismissed with prejudice;

3)  Other than Forum Fees which are specified below, the parties
shall each bear their own costs and expenses incurred in this
matter; and

4)  Any relief not specifically enumerated, including punitive
damages and attorney's fees, is hereby denied with prejudice. "

(Petition to Vacate, Ex. B, p.3) (emphasis added)

Kassar now attempts to mislead this Court by arguing that the First Arbitration Panel

made a determination **on the merits**.  "A determination **on the merits** that the master

[Milestone] is not liable can only mean that the claim against the servant must likewise fail."

(Petition to Vacate, ¶ 36.[3]) (emphasis added) The transcript of the first arbitration hearing

demonstrates that Kassar's assertion is plainly false.  The panel heard no testimony and was

presented no evidence.  With this Memorandum of Law, Peregrin submits the complete hearing

transcript of the First Arbitration Action (as well as excerpts of the second arbitration hearing) to

this Court.[4]  (Ex. A-C to Declaration of James McGurk Dated May 20, 2008, ("McGurk Decl."))

**The Hearing In The First Arbitration Action and this Court's First Involvement**

1.     September 18, 2006: on the first day of hearing, Kassar's motion to disqualify two
       arbitrators is denied and the hearing is adjourned one week.
Sheldon Gopstein, the second of four attorneys who have represented Kassar,[5]  appeared

telephonically on September 18, 2006, and demanded among other things that "Arbitrators Edler

and Good recuse themselves, and in the event that they choose not to, that they be disqualified"

and that the hearing be adjourned.  (McGurk Decl. Ex. A, p. 6.)

---

[3]     Kassar never sought any modification or vacation of the First Panel's award – a
modification that Kassar now demands this Court read into that award.
[4]     Peregrin's counsel sent both volumes of the transcript via Federal Express to Kassar's
counsel on September 27, 2007, and delivered them to Kassar on January 7, 2008.  McGurk
Decl., ¶ 4.
[5]     McGurk Decl., ¶ 4.

The motion of Kassar's attorney was denied. After extensive oral argument, the Chairman stated:

> Based on the arguments and how we view them, I, Mr. Edler, am unwilling to recuse myself or resign as an arbitrator. Mr. Good is unwilling to recuse himself or resign as an arbitrator.
>
> For the record, we understand that the Director of Arbitration of the NASD has similarly declined to disqualify either myself – Mr. Edler – or Mr. Good.
>
> I would now like to announce the fact that this morning, shortly before we joined you in this conference room, Mr. Duffy decided to resign as an arbitrator.
>
> Consequently, we are now in the position of having two arbitrators, not three arbitrators. And as Mr. Good and I understand the rules, that means we cannot proceed with this hearing unless both parties agree to proceed with two arbitrators.
>
> (*Id.*, pp. 33-34)

Kassar's attorney, Gopstein, refused to proceed with two arbitrators. The panel proposed resuming the following day, but Gopstein objected. Mr. Gopstein stated: "I believe that my client's intent here is to go to court and have the issue of the arbitrators' recusals or disqualifications decided in a court of law." (*Id.*, p. 38.) After Peregrin's lawyer pointed out that "Gopstein himself has indicated that he is available a week from today," (*Id.*, p. 39), the Chair asked Gopstein if he would be available to proceed on September 25th and 26th. Gopstein responded:

> MR. GOBSTEIN: Oh, no. No. We have a disqualification issue, and I have objected to the composition of the Panel, and I want to – I think I need to pursue that issue.
>
> Just by – you know, one week isn't going to change the arguments as to your conflict of interest, and the issues that I raised with respect to Mr. Good. I had just asked for some time so that I can go into court. (*Id.* p. 41)

After several pages of argument, the panel determined to proceed with the arbitration hearing on September 25, 2006. Chairman Edler commented: "I distinctly recall one or more letters from Mr. Gopstein in just the last few days saying that he would be willing to have the hearing on the 25th and 26th." (*Id.*, p. 44, lines 19-20.)

At the close of the proceedings, it was noted that no one appeared on behalf of Milestone:

> CHAIRMAN EDLER:  Okay.   Is there anything else that one feels must be addressed at this time?  Mr. McGurk?
> MR. McGURK:    The only point that I would add is that …the Milestone Group Management, LLC, I believe, is in fact out of business….
> I would simply ask that the NASD provide the same notice to that entity since they, too – at least on paper – still remain party to the case."
> (*Id.*, p. 45, lines 8-18.)

The Chairman and NASD indicated that the NASD would continue to do so. (*Id.,* p. 46.)

> 2.      September 21, 2006: this Court orders the arbitration hearing to proceed as scheduled.

Neither Kassar nor his attorney went to court, but Peregrin did: on September 20, 2006, Peregrin brought an action before this Court (Case #06 C 5096).   Peregrin asked for an order that the NASD arbitration proceed as scheduled on September 25, 2006.    A hearing took place before Judge Kocoras on September 21, 2006, at which Gopstein appeared via phone.  Judge Kocoras ordered the arbitration to proceed on September 25, 2006 as scheduled.

> 3.      September 25, 2006: the second and final day of the hearing.

Like the first day, not a single witness testified, nor was a single document introduced into evidence.  At the outset, attorney Gopstein stated:   "I have a threshold motion that I would like to make at the inception of the hearing," and then stated:   "The Respondent William E. Kassar, Jr., hereby moves to dismiss this claim against him and ask that he be permitted to leave the proceeding."  (McGurk Decl. Ex. B, p. 12.)   Gopstein then pointed out that in each claim for relief, Kassar was not specifically mentioned.  (*Id.*, pp. 13-14.)   Gopstein then moved to dismiss on the grounds that no claim for relief was made against Kassar:

> Mr. GOBSTEIN: I want to be very, very clear about this.   This is not a minor procedural defect.  This is not a technical flaw that can be corrected at the hearing with an amended

complaint stating, oh, I meant to say William Kassar.   There are four causes of action alleged here.   Not one of them is against William E. Kassar, Jr. . . .

How could any one prepare for a hearing or be expected to defend a case where there is no claim alleged?

(*Id.,* p. 15, lines 24 to p. 16, line 2.)

The argument continued for another 20 pages.   At the very end of the argument, Mr. McGurk pointed out that pursuing Milestone would be fruitless:

ARBITRATOR EDLER:   Would you like further argument?
Mr. MCGURK:   Brief response.   Mr. Gopstein stated earlier that Mr. Kassar left Milestone when **they went out of business**.   I think that tells the panel everything they need to know.   **They don't exist as an entity**.

(*Id.,* p. 38, lines 10-14 (emphasis added).

The panel then granted Kassar's motion to dismiss.   Having just said that pursuing Milestone would be fruitless, Mr. McGurk then moved to dismiss Milestone:

ARBITRATOR EDLER:   Back on the record.   The arbitration panel has met and has unanimously decided to grant Respondent Kassar's motion to dismiss the statement of claim against Mr. Kassar **without prejudice to bring another action** to the extent permitted by applicable law.
So at this time, having dismissed the action against Mr. Kassar, Mr. Kassar is free to leave the proceeding and, of course, his counsel as well.   As of course, Mr. Gopstein, you're not here to represent Milestone in any way?
Mr. GOPSTEIN:   No.   I have not been retained by Milestone.
Mr. MCGURK:   **At this point we would make motion to dismiss Milestone as a party respondent**.
ARBITRATOR EDLER:   Okay.   **The motion to dismiss Milestone as a party respondent is hereby granted by the panel**.   I look to each panel member to be sure that I'm not acting beyond the scope of my authority.   And it appears to be unanimous to permit that dismissal of Milestone.
Accordingly the proceedings are about to end . . .

(*Id.*, p. 39, line 12 to p. 40, line 8.) (emphasis added).

### The Second Arbitration Action

Peregrin proceeded to file the Second Arbitration Action, NASD No. 06-05099, after the First Arbitration Panel issued an award dismissing the claims against Kassar without prejudice and expressly permitting Peregrin to file a new arbitration action against Kassar.   In the Second

Arbitration Action, Peregrine asserted claims against both Kassar and Milestone for breach of fiduciary duty, violations for NASD rules of fair practice, and negligence – claims that he had asserted in the First Arbitration Action.  Peregrin also asserted a new claim against Kassar and Milestone that he did not assert in the First Arbitration Action. This additional claim was made under the Illinois Consumer Fraud and Deceptive Business Practices Act.  See Count V, ¶¶107-113, Petition to Vacate Ex. C.

A hearing on the Second Arbitration Action was held January 7-9, 2008.  Kassar's attorney withdrew on January 4, 2008.  Kassar appeared *pro se*.  Kassar submits no transcript (or partial transcript) of the hearing in the Second Arbitration Action.   As is the standard practice of the NASD, the entire arbitration hearing was tape-recorded. Declaration of James McGurk dated May 20, 2008, ¶ 9.  The tape of the January 7, 2008 (the first day of hearing) reflects that Kassar made and argued several oral motions, including a motion to dismiss Milestone and himself:

> . . . It's a matter of public record that the prior panel did dismiss Milestone Group Management with prejudice.
> I may also add, that in the initial claim, there were no statements of claim made against me personally.  If the panel does grant me the motion to dismiss Milestone -- I mean, the NASD law is the law that they made, and I can't see how you cannot dismiss them if they were already dismissed, unless I am missing something.
> If Milestone is dismissed, I myself make the motion to have myself dismissed as well, because I acted solely as an agent for a disclosed principal, Milestone Group Management, who is a regulated broker-dealer.   I worked for Milestone Group Management as a registered representative, and was at all times subject to the control and oversight of Milestone's officers and other principals.
> There is no evidence that I even suggested that I acted outside the scope of my employment such that I could be held personally liable.   This is precisely why, in the previous NASD proceeding, claimant did not allege even a single claim against myself. The claims now being against me personally are mere afterthoughts because Milestone has basically gone out of business.
> The prior NASD award permitted Claimant to file a new arbitration against myself, but only to the extent permitted by applicable law.  Since any claims against Milestone Management were dismissed with prejudice, and I ask that all agents were managed by Milestone Group Management, that Claimant has no independent legal claims against myself.

... and based on the foregoing, I request dismissal of the Statement of Claim in its entirety, with costs to be awarded to the Respondent. Thank you very much.

McGurk Declaration, Partial Transcription of Tape of January 7, 2008, Exhibit C.

The Chairperson then asked Kassar if he was representing Milestone, and he replied: "No, I'm not representing Milestone at all. Milestone has been dismissed in this case." *Id.*

The panel then heard the response of Peregrine's attorney to Kassar's motion, who remarked: "I believe it is for this panel to read – to read the express language of the panel's Order and the transcript, that have both been submitted." *Id.* The panel heard additional argument from Kassar, and then went into executive session.

The panel returned and the Chair stated:

CHAIRPERSON HARNEY:    We're going back on the record.
We're ruling on the previous motions. The motion to adjourn for 30 days is denied. Mr. Kassar's motion to dismiss Milestone with prejudice is denied. The motion to dismiss himself is denied. You may make the motions again at a more appropriate time, but at this time, the motions are denied. *Id.*

The January 18, 2008 arbitration award likewise reflects that each of Kassar's motions was denied. Petition to Vacate Ex. D., p. 3. The award further reflects that the Second Arbitration Panel heard a total of three oral motions by Kassar requesting that the panel adjourn the proceeding. *Id.* at p. 4.

Following the hearing, the Second Arbitration Panel issued an award, dated January 18, 2008, in favor of Peregrin and against Kassar. Petition to Vacate Ex. D. The panel awarded compensatory damages of $137,000, attorney's fees of $54,252.00 on the new Consumer Fraud Act count, interest, and costs.

**The Present Action**

On February 4, 2008, Peregrin brought this action to confirm the award issued by the Second Arbitration Panel. On April 18, 2008, Kassar filed his Petition to Vacate, claiming that Second Arbitration Panel exceeded its powers, and "lacked the authority to make its January 18, 2008 award in favor of Peregrin."   Petition to Vacate, at 1-2.

## ARGUMENT

**1.    THE LIMITED GROUNDS UPON WHICH AN ARBITRATION AWARD MAY BE VACATED**

Section 10(a) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, establishes limited grounds upon which an arbitration award may be vacated: (1) "the award was procured by corruption, fraud, or undue means;" (2) the arbitrators were evidently partial or corrupt; (3) "the arbitrators were guilty of misconduct;" or (4) "the arbitrators exceeded their powers." Kassar's Petition to Vacate is based upon his contention that the arbitrators exceeded their authority by basing an arbitration award upon issues that had previously been determined fully and finally on the merits.

In the Seventh Circuit, review of arbitration awards is so "tightly limited" that a court should only vacate an arbitration award in "very unusual circumstances." *Hasbro, Inc. v. Catalyst USA, Inc.*, 367 F. 3d 689, 691 (7th Cir. 2004) (*quoting First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 115 S. Ct. 1920 (1995). *See also IDS Life Ins. Co. v. Royal Alliance Associates*, 266 F.3d 645, 649 (7th Cir. 1994) ("the grounds for challenging an arbitration award are narrowly limited, reflecting the voluntary contractual nature of commercial arbitration.").

A disappointed party may not use the federal courts as a *de facto* appellate process to an unfavorable arbitration award, thus frustrating the very foundation of the arbitration process and the deference that Courts have granted arbitrators.  *See Baravati v. Josephthal, Lyon & Ross*, 28 F.3d 704, 706 (7th Cir. 1994)  ("[W]e do not allow the disappointed party to bring his dispute

into court by the back door, arguing that he is entitled to appellate review of the arbitrators' decision."). *See also **Eljer Mfg., Inc. v. Kowin Development Corp**.,* 14 F.3d 1250, 1253-54 (7th Cir. 1994) ("Arbitration does not provide a system of junior varsity trial courts offering the losing party complete and rigorous *de novo* review…A restrictive standard of review is necessary to…prevent arbitration from becoming a preliminary step to judicial resolution").

**2.     THE ARBITRATION PANEL DID NOT EXCEED ITS AUTHORITY**

    **A**.     <u>*Res Judicata did not bar Peregrin's claims in the Second Arbitration Action.*</u>

Kassar contends that the Second Arbitration Panel exceeded its authority.  He contends that it based its award upon "specifically litigated claims or issues" – issues that he falsely asserts were fully and finally addressed on the merits in the First Arbitration Action.  Petition to Vacate ¶28, p. 8.  This argument is completely baseless: no testimony was given and no exhibits were introduced at the first arbitration hearing, as evidenced by the hearing transcripts.  Moreover, the First Arbitration Panel explicitly authorized the Second Arbitration Action.

The proceedings of September 18, 2006 consisted entirely of motions.  Kassar refused to proceed on the merits because there were only two arbitrators present.  The matter was therefore adjourned to September 25, 2006 at which time Kassar won a motion to dismiss on the grounds that every claim for relief in all four counts of the First Statement of Claim were against Milestone and not against him.  Not a single witness testified in either hearing.  Not a single exhibit was introduced into evidence.  At the end of the hearing, Peregrin's attorney moved to dismiss Milestone because Milestone no longer existed as an entity.  Transcript of September 25, 2006, page 39.   There was no adjudication on the merits whatsoever.

Kassar relies entirely upon ***Towns v. Yellow Cab Co.,*** 73 Ill. 2d 113, 382 N.E. 2d 117 (Ill. 1978) and a later case, ***Williams v. Bolsten***, 184 Ill. App. 3d 832, 540 N.E.2d 966 (1st Dist. 1989)

relying on *Towns,* Petition to Vacate ¶33-39, which in turn, relies upon a procedural Illinois rule, Supreme Court Rule 273, which provides that an <u>involuntary dismissal</u> operates as adjudication upon the merit. But there was no involuntary dismissal of claims with prejudice with respect to Kassar in the First Arbitration Action and Peregrin's attorney himself moved to dismiss Milestone because it no longer existed as an entity.

    B.    *The First Arbitration Panel expressly reserved Peregrin's right to file the Second Arbitration Action.*

In ***Rein v. David A. Noyes & Co.**,* 172 Ill. 2d 325, 665 N.E.2d 1199 (1996), the Illinois Supreme Court held that a court may relax the application of *res judicata* if another court had expressly maintained a claimant's right to bring a second action. The ***Rein*** Court noted that:

> "The rule against claim-splitting has been relaxed where there has been an omission due to ignorance, mistake or fraud, or where it would be inequitable to apply the rule. ***Thorleif Larsen & Son, Inc. v. PPG Industries, Inc***., 177 Ill. App. 3d 656, 659, 532 N.E.2d 423 (1988) ; ***Adams v. Pearson***, 411 Ill. 431, 440-42, 104 N.E.2d 267 (1952); ***People v. Somerville***, 42 Ill. 2d 1, 4, 245 N.E.2d 461 (1969). Situations in which it would be inequitable to apply the rule are detailed in section 26(1) of the Restatement (Second) of Judgments (Restatement [Second] of Judgments § 26(1) (1980)). This section provides that the rule against claim-splitting does not apply to bar an independent claim of part of the same cause of action if... (2) **The court in the first action expressly reserved the plaintiff's right to maintain the second action...**

> ***Rein***, 172 Ill. 2d 325 at 336 (emphasis added)

The arbitration panel in the first action "expressly reserved [Peregrin's] right to maintain the second action," in the very way that the ***Rein*** Court held would permit such an action to proceed. Moreover, Peregrin had no opportunity to litigate his claims against Kassar on the merits in the first action.

C.      *The Second Arbitration Panel had full authority to consider Kassar's motion to dismiss on the grounds of res judicata.*

Federal courts have specifically determined that issues regarding the applicability of *res judicata* and collateral estoppel and their preclusive effect (within the context of arbitration actions) are to be determined by the arbitrators.  **Sherrock Bros. v. Dailmerchrysler Motors Co., LLC**, 465 F. Supp. 2d 384, 390. (M.D. Pa. 2006), ("arbitrator can decide what preclusive effect is to be given to a prior judicial action"); **Rd. Sprinkler Fitters Union Local 699 v. Grinnell Fire Prot. Sys. Co**, No. Civ. A. 94-CV-2905 , 1997 WL 67791 at *2-3, 1997 U.S. Dist. LEXIS 1543 at *6 (E.D. Pa. Feb. 18, 1997) (preclusive effect of prior administrative decision is an issue for the arbitrators to determine).

As Kassar acknowledges, the Second Arbitration Panel <u>did</u> consider his motion to dismiss claims on the basis of the doctrine of *res judicata*. Petition to Vacate ¶19, p. 6.  After considering Kassar's motion to dismiss on the grounds of *res judicata*, the Second Arbitration Panel denied it.  *Id*.  While Kassar may argue that the second panel somehow misinterpreted the relevant law in rejecting Kassar's *res judicata* argument – a position with which Peregrin disagrees – such an error of law still would not provide adequate grounds for vacatur under the FAA.  As this Court has held:

> They [Petitioner] must not be confused with whether the arbitrators' award was correct or even reasonable, since neither error nor clear error nor even gross error is a ground for vacating an award. If the district judge is satisfied that the arbitrators resolved the entire dispute and can figure out what the resolution is, he must confirm the award.
> **Cremin v. Merrill Lynch**, 434 F. Supp. 2d 554, 556 (N.D. Ill. 2006).

The Second Arbitration Panel properly considered Kassar's motion and ultimately rejected Kassar's *res judicata* argument.  Kassar is now asking this Court to determine matters

that fell within the proper purview of the Second Arbitration Panel. In doing so, Kassar attempts

to advance the position that arbitration is merely a "junior varsity" court system – a position that

the Seventh Circuit has specifically renounced. *Eljer Mfg., Inc*. 14 F.3d at 1253-54 (7th Cir.

1994)

> D.    <u>*The Second Arbitration Panel's award of attorney's fees for violations of the*</u>
> <u>*Consumer Fraud Act was proper and should be confirmed by this Court.*</u>

Kassar argues that "the doctrine of *res judicata* barred the Second Arbitration Panel from

granting attorneys fees and interest Kassar [*sic*] in the Second Claim." Petition to Vacate, p. 13.

In particular, Kassar points to language in the award rendered in the First Arbitration Action, in

which the arbitrators noted that "any relief not specifically enumerated, including punitive

damages and attorney's fees, is hereby denied with prejudice." Petition to Vacate Ex. B, p.3, ¶4.

This language pertains solely to the First Arbitration Action. Kassar's assertion that the First

Arbitration Panel intended to preclude Peregrin from receiving an award for attorney's fees in a

subsequent arbitration proceeding against Kassar – a proceeding that the First Arbitration Panel

specifically permitted – is plainly absurd. Nor was there any evidence submitted – either in the

form of documents or testimony – that could possibly justify Kassar's hypothesis that the panel

intended to treat claims for attorney's fees and punitive damages as to Kassar with prejudice, and

all other claims against him without prejudice.

Even if the doctrine of *res judicata* barred a claim for attorney's fees made against Kassar

in the First Arbitration Action, it could not possibly bar such an award of attorney's fees for his

new claim under the Consumer Fraud Act. The doctrine only applies if three conditions are

satisfied: (1) a final judgment on the merits has been entered in the first lawsuit by a court of

competent jurisdiction; (2) <u>an identity of causes of action exists</u>; (3) the parties or their privies

are identical in both lawsuits. *Rein*, 172 Ill. 2d at 334. The First Arbitration Action did not

contain any count for violation of the Consumer Fraud Act.  Further, the elements needed to

prove consumer fraud are not the same as the elements needed to prove any of the counts set out

in the First Arbitration Action. The Second Arbitration Panel acted within its right to grant

applicable attorneys' fees to Peregrin against Kassar based on this surviving independent claim,

as it did.[6]

### 3.     KASSAR'S PETITION SHOULD BE DENIED FOR KASSAR'S FAILURE TO PRESENT THIS COURT A TRANSCRIPT OF THE ARBITRATION HEARINGS

A party moving to vacate an arbitration award under the FAA has an obligation to offer

the entire record, and federal courts have found that "the failure to offer the entire record leaves

the Court unable to exclude the possibility that the award is supported by evidence that the

Petitioner has not supplied." *Paper, Allied-Industrial, Chemical v. S. D. Warren*, 382 F.

Supp.2d 130 at 139 (D. Me. 2005).  Petitioners seeking to vacate an arbitration award against

them by the NASD have the same burden, "and the failure to offer the entire record leaves the

Court unable to exclude the possibility that the award is supported by evidence that the Petitioner

has not supplied." *Lew Lieberbaum & Co., Inc.* v. *Randle*, 85 F. Supp. 2d 123 at 126 (E.D.N.Y.

2000), *Accord* **Commonwealth Associates v. Letsos**, 40 F. Supp. 2d 170 at 175 (S.D.N.Y. 1999)

---

[6]     As to actual damages, Count V also provided a new basis for liability asserted against Kassar (and not against Milestone).  Even in cases where the *Towns* doctrine applies, barring a party from re-litigating a matter against a servant when his master wins on the merits, the doctrine is not applicable where, in the second action, an independent wrong is directly charged against the non-dismissed party.  *See* **Marek v. O.B. Gyne Specialists II,** 319 Ill. App. 3d 690, 701, 746 N.E.2d 1(1st Dist. 2001).  Even if all of Peregrin's earlier claims (Count I-IV of the First Statement of Claim) against Milestone were somehow unavailable as a basis for recovery of actual damages against Kassar, Count V of the Second Statement of Claim would survive as an independent claim against him not made against Milestone.

The fact that the second award did not specify which count or counts served as the basis for actual damages is immaterial and does not grant Kassar the right to challenge an award.  A fundamental aspect of the arbitration process is that an arbitrator is simply not required to state the reasons for his decision. **Randall v. Lodge No. 1076, Int'l Ass'n of Machinists and Aerospace Workers**, 648 F.2d 462, 468 (7th Cir. 1981). Such a requirement would serve only to perpetuate the delay and expense which arbitration is meant to combat.  *Eljer*, 14 F.3d at 1250.

(holding that the lack of a complete record alone was sufficient to require rejection of Petitioner's motion to vacate).

Kassar has filed no transcript of the hearings. His attorneys have made representations that directly conflict with the transcript of the hearing. Among these false representations is that the First Arbitration Panel fully and finally resolved the dispute between Kassar and Peregrin "on the merits." Kassar's Petition to Vacate is in fact based largely upon this false representation.

## CONCLUSION

For the reasons stated, this Court should deny Kassar's Petition to Vacate, and should confirm the arbitration award rendered in the Matter of the Arbitration between David G. Peregrin and Milestone Group Management, LLC and William E. Kassar, Jr., NASD Arbitration No. 06-05099, and enter judgment in favor of David G. Peregrin as requested in his Application to Confirm Arbitration Award filed with this Court on February 5, 2008.

Dated: May 20, 2008

DAVID G. PEREGRIN

By: /s/ James A. McGurk
     One of his Attorneys

Of Counsel:

James A. McGurk, Esq.
Law Offices of James A. McGurk, P.C.
140 South Dearborn Street
Suite 404
Chicago, IL 60603
(312) 236-8900
Fax (312) 277-3497

CERTIFICATE OF SERVICE

I, James A. McGurk, an attorney, certify that I caused a copy of the foregoing document to be served by electronic filing and by First Class Mail upon:

Via First Class Mail

Jack L. Haan, Esq.
James J. Eccleston, Esq.
Shaheen, Novoselsky, Staat, Filipowski & Eccleston, P.C.
20 North Wacker Drive
Suite 2900
Chicago, IL 60606

This 20th day of May, 2008.

/s/James A. McGurk
James A. McGurk