UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID G. PEREGRIN, | ) | |
| | ) | |
| Petitioner, Counter-Respondent, | ) | Case No. 08 C 759 |
| | ) | |
| v. | ) | |
| | ) | Judge Kocoras |
| WILLIAM EDWARD KASSAR, JR., | ) | |
| | ) | |
| Respondent, Counter-Petitioner. | ) | |

KASSAR'S REPLY IN SUPPORT OF HIS
PETITION TO VACATE ARBITRATION AWARD

For his Reply to the Memorandum of Law filed by Petitioner, Counter-Respondent, David G. Peregrin, the Respondent, Counter-Petitioner, William Edward Kassar, Jr. ("Kassar"), by and through his attorneys, Jack L. Haan and James J. Eccleston of Shaheen, Novoselsky, Staat, Filipowski & Eccleston, P.C., states as follows:

A.   The First Arbitration Panel's Award in Dismissing All Claims Was "On the Merits", and Therefore, *Res Judicata* Barred All Similarly Alleged Claims in the Second Arbitration.

Peregrin argues in his Response Memorandum that the first arbitration award, in which he voluntarily dismissed all his claims, was not entered "on the merits" because the arbitration panel did not receive testimony or documentary evidence in that proceeding. Peregrin goes so far as to accuse Kassar of "falsely" asserting to the Court that the first proceeding was "on the merits". Peregrin's accusation, and more importantly his argument, are both wholly incorrect and should be rejected.

As for the accusation, Peregrin is incorrect because Kassar has never represented to this Court that the First Arbitration panel heard testimony or received evidence in that proceeding. Certainly, Kassar is not contesting the fact that the First Arbitration panel did not hear testimony

1

or evidence on that day. The fact that the panel did not hear evidence, however, does not end the analysis of what constitutes "on the merits".

Peregrin's argument about what "on the merits" for *res judicata* purposes in this case is also incorrect. Peregrin apparently believes that the doctrine of *res judicata* applies to his claims only if the previous tribunal heard testimony, considered the evidence, and then rendered a judgment or award in a case. But that argument does not comport with the law interpreting the meaning of "on the merits". A court or tribunal does not have to hear evidence for an adjudication to be deemed "on the merits". *See Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 124, 382 N.E.2d 1217 (Ill. 1978)(dismissal with prejudice of master as discovery sanction is adjudication "on the merits" as to servant); *Williams v. Bolsten*, 184 Ill. App. 3d 832, 837, 540 N.E.2d 966 (1st Dist. 1989)(trial court's dismissal of action for plaintiff's failure to exercise reasonable diligence in obtaining service of process was an adjudication on the merits and barred the plaintiff from subsequent identical lawsuit). Peregrin cites no case law in opposition to these cases, or in support of his argument.

The uncontested facts before this Court show that the First Arbitration award was "on the merits". The NASD panel in the First Arbitration, pursuant to Peregrin's own Motion, entered the dismissal with prejudice against Milestone "**in full and final resolution** of the issues submitted for determination". (Ex. B to Petition to vacate)(emphasis added). Certainly, Peregrin cannot dispute that when a claimant dismisses a claim <u>with prejudice</u> against a respondent, such dismissal fully, finally, and forever bars all subsequent claims by that claimant against that same respondent. Peregrin never argues in his Response Memorandum – because he cannot – that his voluntary dismissal of Milestone with prejudice in the first arbitration was not "on the merits"

but that he somehow preserved his right to sue Milestone again in the Second Arbitration.[1]

In his Response Memorandum, Peregrin does not dispute that in all of his claims in the first arbitration against Kassar alleged that Kassar was acting solely as an agent and employee of Milestone and within the scope of his employment. All of the claims in the arbitration claim - negligence, breach of fiduciary duty, violations of NASD Rules of Fair Practice (i.e., breach of the applicable standard of care), and failure to supervise (based upon Kassar's purported failure to supervise in his capacity as branch manager) - squarely centered on Kassar's alleged conduct as the agent of Milestone. Likewise, in the second arbitration and now in this proceeding before the Court, it is uncontested that a) Kassar acted solely as an agent of Milestone; and b) Peregrin's claims against Milestone in the first arbitration action were entirely founded upon the doctrine of *respondeat superior*. In suits based on *respondeat superior,* a judgment for either the employer or the employee, arising out of an action predicated on the alleged negligence of the employee, bars a subsequent suit against the other for the same claim of negligence where the agency relationship is not in question. *Sterling v. Rockford Mass Transit Dist.*, 336 Ill. App. 3d 840, 845, 784 N.E.2d 880 (2nd Dist. 2003; *Towns*, 73 Ill. 2d at 122. The law is clear that when the principal is dismissed with prejudice, the dismissal operates as a dismissal with prejudice against the agent as well. Thus, the NASD panel's final dismissal, with prejudice, of Peregrin's claims against Milestone also operated to bar Peregrin from further pursuing his claims against Kassar as a matter of law.

While Peregrin argues that the First Arbitration panel "expressly reserved" his right to maintain the second arbitration, he repeatedly ignores that the arbitration panel granted him such

---

[1] Peregrin's action in intentionally stating the same legal claims against Milestone in the second arbitration, despite having previously and knowingly dismissed that party with prejudice, raises serious issues regarding good faith pleading.

3

right only "to the extent permitted by applicable law". (See Ex. B). By couching their award in this manner, the arbitrators obviously recognized that re-filing the exact same claims again may not be permissible under the applicable law. Illinois law confirms the arbitrator's thoughts, because the doctrine of *res judicata* is clearly the "applicable law" in Illinois.

B. **Peregrin Ignores Kassar's Cited Case Law Holding That This Court, and Not the Second Arbitration Panel, is the Appropriate Tribunal to Determine the Application of the Doctrine of *Res Judicata*.**

Peregrin completely ignores in his Response Memorandum the Illinois case law cited by Kassar that holds that the Court, and not the arbitration panel, is the proper tribunal to determine the scope of a prior arbitration award and the *res judicata* effect on claims and issues previously resolved between the same parties. *Horwitz, Schakner & Associates, Inc. v. Schakner*, 252 Ill. App. 3d 879, 883, 625 N.E.2d 670 (1st Dist. 1993); *Peregrine Financial Group, Inc. v. Ambuehl*, 309 Ill. App. 3d 101, 107, 722 N.E.2d 723 (1st Dist. 1999). The *Horwitz* and *Ambuehl* cases should be deemed controlling on this issue.

Peregrin argues that the Second Arbitration Panel had the authority to determine whether *res judicata* applied to the same claims and issues that he filed in the second case. This argument should be rejected. Peregrin cites non-controlling case law from the 3rd Circuit in support of his argument. Both of his cases cited, *Sherrock Bros. v. Daimlerchrysler Motors Co., LLC*, 465 F. Supp. 2d 384 (M.D. Pa. 2006) and *Road Sprinkler Fitters Union Local 699 v. Grinnell Fire Prot. System Co.*, 1997 WL 67791 (E.D. Pa. 1997), do not involve the application of *res judicata* to a previous arbitration award to bar the same claims raised in a second arbitration, as in the case before this Court. Moreover, Peregrin cites no case law from the 7th Circuit or from the Northern District of Illinois in support of this argument. This argument should be rejected.

C.  *Res Judicata* Barred Peregrin's Consumer Fraud Act Claim and Any Relief Granted Thereunder in the Second Arbitration.

Peregrin argues that the Second Arbitration involved a new claim under the Illinois Consumer Fraud Act, and therefore the doctrine of *res judicata* does not apply. (Response, p. 13). But again, Peregrin completely ignores the two controlling cases cited by Kassar in his Petition to Vacate, namely, *Peregrine Financial Group, Inc. v. Martinez*, 305 Ill. App. 3d 571, 579, 712 N.E.2d 861 (1st Dist. 1999)(*Res judicata* bars not only those matters that actually were decided, but also those which could have been raised in the prior suit might properly have been litigated), and *Peregrine Financial Group, Inc. v. Ambuehl*, 309 Ill. App. 3d 101, 109, 722 N.E.2d 723(1st Dist. 1999)(Doctrine of *res judicata* prevents a plaintiff from splitting theories of recovery that relate to one transaction). These cases make crystal clear the conclusion that Peregrin cannot split his claims and theories of recovery into separate arbitrations when the claims all relate to the same set of facts.

Thus, Peregrin's argument that he had a "surviving independent claim" to litigate with the Illinois Consumer Fraud Act claim in the Second Arbitration is contrary to the controlling case law. Peregrin's purported Consumer Fraud Act claim arose from the exact same set of facts as claimed in the first arbitration. A comparison of his allegations between the Statement of Claims alleged in the two proceedings confirms this truth. This "new" claim clearly related to one transaction, and should have been raised in the first arbitration. As were all the claims against Milestone and its agent Kassar, this "new" claim likewise was dismissed with prejudice by operation of law.

Not only was the Consumer Fraud Act claim barred as a whole, but the relief requested pursuant to the claim was likewise barred. As the first NASD panel stated, its decision in Peregrin's First Claim was a <u>full and final</u> adjudication on the merits of Peregrin's requests for

attorneys' fees and interest. By operation of law, therefore, the doctrine of *res judicata* barred this same relief in the second NASD arbitration.

Thus, the second NASD panel exceeded its authority and its powers by awarding to Peregrin any relief under a claim for violation of the Illinois Consumer Fraud Act or for any for attorneys' fees or pre-judgment interest relief thereunder.

**D.    Because Kassar is Not Contesting Any Factual Issues, Kassar Had No Obligation to File the Arbitration Transcripts.**

Peregrin's argument that the Court should deny Kassar's Petition to Vacate simply for the reason that he did not file the arbitration transcripts with this Court is meritless. Kassar's arguments to vacate the arbitration award are not based on any <u>evidence</u> adduced at either the first or second arbitrations, or focused on disputed factual issues. Rather, Kassar's arguments involve purely a legal issue - the application of the doctrine of *res judicata* and its preclusive effect on subsequent litigation on the same issues between the same parties. Thus, Kassar had no obligation to file the transcripts from the two arbitration proceedings. The only documents that must be provided to the Court are those necessary for a fair determination of the claim before the Court. *See Paper, Allied-Industrial, Chemical v. S.D. Warren Co.*, 382 F. Supp. 2d 130, 141 (D. Me. 2005). In this case, the documents provided by Kassar - the pleadings filed by the parties and the arbitration awards entered by the two panels – were the only documents from the arbitration proceedings which were necessary for the Court to fairly determine the application of the doctrine of *res judicata*.

The case law cited by Peregrin for his argument is inapplicable. In both *Lew Lieberman & Co. v. Randle*, 85 F. Supp. 2d 123 (E.D.N.Y. 2000) and *Commonwealth Assoc. v. Letsos*, 40 F. Supp. 2d 170 (S.D.N.Y. 1999), the Petitioner sought to vacate the awards based on the argument that the arbitrators manifestly disregarded the law. In both cases, the Courts noted that the

Petitioner had the burden to offer the entire record, because otherwise the Court could not exclude the possibility that the arbitration award was supported by other evidence not supplied by the Petitioner. *Lew Lieberman*, 85 F.Supp. 2d at 126; *Commonwealth Assoc.*, 40 F. Supp. 2d at 175. In the case at bar, Kassar is not seeking to vacate the award based on "manifest disregard of the law". No issue exists regarding whether other evidence or another basis exists to support the award entered by the second panel. These cases are inapplicable and should be disregarded.

## Conclusion

As recognized in *Schakner* and *Ambuehl,* an issue can be beyond the scope of arbitration by reason of a prior adjudication. Because of the first arbitration award, which fully and finally determined the claims and relief against Milestone and Kassar, the Second Arbitration panel had no authority to determine again the same claims and relief as did the First Arbitration panel. By doing so, the Second Arbitration panel exceeded their powers in rendering a second award.

For the reasons set forth in his Petition to Vacate Arbitration Award and this Reply, William E. Kassar. Jr. requests that the Court vacate the January 18, 2008 arbitration award entered against him, and any further relief that the Court deems equitable and just.

Respectfully submitted,

William Edward Kassar, Jr.,

By:  s/Jack L. Haan
One of his attorneys

Jack L. Haan
James J. Eccleston
Shaheen, Novoselsky, Staat, Filipowski & Eccleston, P.C.
20 N. Wacker Drive, #2900
Chicago, IL 60606
(312) 621-4400