**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID G. PEREGRIN,** | ) | |
| | ) | |
| **Petitioner, Counter-Respondent,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 08 C 759** |
| | ) | |
| **WILLIAM EDWARD KASSAR, JR.,** | ) | **Judge Kocoras** |
| | ) | |
| **Respondent, Counter-Petitioner.** | ) | |
| | ) | |

**PETITIONER DAVID G. PEREGRIN'S SURREPLY IN OPPOSITION TO
RESPONDENT KASSAR'S PETITION TO VACATE
ARBITRATION AWARD**

Petitioner, Counter-Respondent David G. Peregrin ("Peregrin"), by and through his

attorney, James A. McGurk, hereby submits this Surreply in Opposition to Counter-Petitioner

William Edward Kassar, Jr.'s ("Kassar") Petition to Vacate Arbitration Award.

Kassar now bluntly admits "*that the First Arbitration Panel did not hear testimony or

evidence*."  Kassar's Reply, at 1-2.  But Kassar then argues that a court or tribunal does not

have to hear evidence for an adjudication to be deemed "*on the merits*," citing cases involving

dismissals with prejudice as a discovery sanction, or for plaintiff's failure to exercise reasonable

diligence in obtaining service of process.

In his Petition to Vacate, Kassar does not allege that the dismissal in this case was "*on

the merits*" as a discovery sanction, or because Mr. Peregrin did not obtain service of process on

Milestone.  Kassar attaches no transcript at all to explain why the Panel possibly could have

treated this dismissal as "*on the merits*" and then tells this Court he has no duty to submit any

transcript.  That is not the law.

**The Duty to Supply a Transcript**.  One of the very cases that Kassar cites is ***Peregrine Financial Group, Inc., v. Martinez***, 305 Ill.App.3d 571, 712 N.E.2d 861 (1st Dist. 1999).   In that case, Mr. and Mrs. Martinez were sued by Peregrine Financial Group to collect a debit. Previously, there had been an arbitration, and the panel entered an award stating that the arbitrators were "*presented [with] and decided*" such issues as "*whether the [Martinezes'] account was properly liquidated,*" "*whether the [Martinezes] failed to meet margin calls,*" and "*whether [Peregrine] changed [its] margin policies during the time period the [Martinezes'] account was opened*."   As in this case, Mr. and Mrs. Martinez did not submit any hearing transcript.   They simply argued, as Kassar argues here, that the Court only needed to look at the arbitration award to see that the arbitrators "decided" the issues in question and therefore the doctrine of collateral estoppel prevented Peregrine Financial Group from its lawsuit against the Martinezes.

The Illinois Appellate Court, First District,  rejected that claim.   The court stated:

   *While the arbitrators stated that they had "decided" those issues, they did not specifically indicate in whose favor they made their "decisions" nor did they offer any articulated rationale delineating their "decisions." Similarly, no findings relative to those issues can be deduced from the $1,020 award made to the Martinezes. Neither the calculation nor the underlying basis for that award are ascertainable from the face of the award.*
   ***Nor is the basis for the award ascertainable from the record before this court, since the Martinezes did not submit to the trial court transcripts of the arbitration hearing or excerpts of those transcripts****. See **Betts**, 225 Ill. App. 3d at 926, 588 N.E.2d at 1221 (party asserting collateral estoppel bears burden of demonstrating what prior judgment determined); see also **Fouch v. O'Bryant**, 99 Ill. 2d 389, 459 N.E.2d 958 (1984); **Moniuszko v. Moniuszko**, 238 Ill. App. 3d 523, 525 n.1, 606 N.E.2d 468, 470 n.1 (1992) (**any doubts which may arise from the incompleteness of the record will be reflected against the appellant**). 305 Ill.App.3d at 582, 712 N.E.2d at 869  (Emphasis added.)*

**The Burden to Demonstrate Collateral Estoppel with Certainty and Clarity**.  Kassar does not mention that the ***Martinez*** case has been often cited for the proposition that a party relying on collateral estoppel has "*the heavy burden of showing with certainty and clarity what the prior judgment determined.*"   ***Martinez***, 305 Ill.App.3d at 581, 712 N.E.2d at 868.

The rule is exactly the same in federal courts. The Second Circuit, in ***Bear, Stearns & Co. v. 1109580 Ontario, Inc.*** 409 F.3d 87 at 91, stated: "*An arbitration decision may effect collateral estoppel in a later litigation or arbitration if the proponent can show 'with clarity and certainty' that the same issues were resolved*."   The Court also added, rejecting an application to vacate based upon collateral estoppel:  "*This court has been careful to assure that collateral estoppel is not employed unfairly.  Moreover, an adjudicator is generally according 'broad discretion' in determining whether or not collateral estoppel should apply in a given case.*"

## CONCLUSION

Kassar submits no proof at all that Mr. Peregrin moved for dismissal "on the merits," or moved for dismissal "with prejudice."   Kassar submits no transcript to meet its heavy burden to show collateral estoppel "with clarity and certainty."    His petition to vacate is frivolous.

For the reasons stated here and in Mr. Peregrin's main brief, this Court should deny Kassar's Petition to Vacate and rule that it is frivolous.    This Court should then confirm the arbitration award rendered in the Matter of the Arbitration between David G. Peregrin and Milestone Group Management, LLC and William E. Kassar, Jr., NASD Arbitration No. 06-05099, and enter judgment in favor of David G. Peregrin as requested in his Application to Confirm Arbitration Award filed with this Court on February 5, 2008.

Dated:  June 17, 2008

DAVID G. PEREGRIN

By: /s/ James A. McGurk
    One of his Attorneys

Of Counsel:

James A. McGurk, Esq.
Law Offices of James A. McGurk, P.C.
10 South LaSalle Street
Suite 3300
Chicago, IL 60603
(312) 236-8900
Fax (312) 277-3497

CERTIFICATE OF SERVICE

I, James A. McGurk, an attorney, certify that I caused a copy of the foregoing document to be served by electronic filing and by First Class Mail upon:

Via First Class Mail

Jack L. Haan, Esq.
James J. Eccleston, Esq.
Shaheen, Novoselsky, Staat, Filipowski & Eccleston, P.C.
20 North Wacker Drive
Suite 2900
Chicago, IL 60606

this 17th day of June, 2008.

/s/James A. McGurk
James A. McGurk