UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID G. PEREGRIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 08 C 759 |
| | ) | |
| WILLIAM EDWARD KASSAR, JR., | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the application of David G. Peregrin to confirm an arbitration award entered on January 18, 2008, in his favor against William E. Kassar, Jr, as well as Kassar's motion to strike Peregrin's application and his petition to vacate the January 18 award. For the following reasons, Kassar's motion and petition are denied; Peregrin's application is granted and the January 18, 2008, arbitration award is confirmed.

**BACKGROUND**

On June 13, 2003, Peregrin opened an account with the Milestone Management Group, LLC ("Milestone"), after allegedly having succumbed to respondent Kassar's "extravagant representations" as to the securities the company offered and to their

success rate. Kassar was the branch manager for the Milestone Group and was the broker of record for the Peregrin account.

Over the life of the account, Peregrin invested approximately $209,000 in his account with Milestone. From June 2003 to December 2003,[1] Kassar executed numerous trades for the Peregrin account. These transactions, beyond generating possible proceeds in favor of the Peregrin account, also yield several commissions as well as mark ups and downs on securities purchased or sold from or to Milestone's own inventory. Peregrin contends that the activity during this time constituted "churning."[2] In December 2003, Peregrin withdrew most of the funds remaining in the account and closed it in September 2004. Overall, Peregrin lost about $160,000.

On September 22, 2004, Peregrin filed a four-fold Statement of Claim before the National Association of Securities Dealers, Inc. ("NASD").[3] In it, he advanced claims of breach of fiduciary duty, negligence, violations of the NASD rules of fair practice,

---

[1] In Peregrin's application to confirm the award, the second date is given as December 2004. Appl. to Conf., ¶ 8. However, in light of the later statement that Peregrin closed his account in September 2004, we assume that the reference to December 2004 was intended to read December 2003.

[2] Churning occurs when a broker engages in unnecessarily excessive trading in a client's account in order to charge additional transaction fees or commissions for the trades. *See Commodity Futures Trading Comm'n v. Erskine*, 512 F.3d 309, 312 n.1 (6th Cir. 2008).

[3] The NASD is now referred to as the Financial Industry Regulatory Authority ("FINRA").

and failure to supervise against Milestone. Though Kassar was named as a respondent, none of the claims referred specifically to him. On September 29, 2006, the arbitration panel dismissed the claims against Milestone with prejudice and those against Kassar without prejudice. The panel stated that Peregrin was granted leave to "file a new arbitration proceeding to the extent permitted by the applicable law." Any relief not specifically enumerated, including punitive damages and attorneys' fees, were denied with prejudice. Pet. to Vacate, Ex. B, NASD arbitration No. 04-06892, p. 3.

On November 22, 2006, Peregrin filed a second Statement of Claim. Pet. to Vacate, Ex. C., NASD arbitration No. 06-05099. This claim again named both Milestone and Kassar as respondents and asserted the same claims contained in the prior arbitration as well as an additional claim based on the Illinois Consumer Fraud and Deceptive Business Practice Act. Pet. to Vacate, Ex. C. Count V.

The second arbitration commenced on January 9, 2008; Kassar appeared *pro se*. At the outset of the proceedings, Kassar argued that the initial award had a *res judicata* effect, precluding the new arbitral panel from considering the new statement of claims. Pet. to Vacate, pp. 5-6. After considering the matter, the arbitration panel concluded that the new proceeding was not barred. Decl. of James McGurk, Ex. C. On January 18, 2008, the panel awarded compensatory damages amounting to $137,000, as well as

$54,252.00 for attorneys' fees under the Illinois Consumer Fraud and Deceptive Practices Act, at Kassar's expense. Pet. to Vacate, Ex. D., p. 4.

On February 4, 2008, Peregrin brought this action to confirm the award of the Second Arbitration pursuant to 9 U.S.C. § 9. In response, Kassar moved to strike certain portions of the application and filed a petition to vacate the award pursuant to 9 U.S.C. § 10(a)(4).

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") indicates a strong federal policy in favor of the enforcement of private arbitration agreements. 9 U.S.C. § 1 *et seq*.; *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 225-26, 107 S. Ct. 2332 (1987). According to the FAA, a written agreement to arbitrate "in a contract evidencing a transaction involving commerce ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *Moses H. Cone Mem'l Hosp. v. Mercury Construction*, 460 U.S. 1, 24, 103 S. Ct. 927 (1983). "[I]n cases falling within a court's jurisdiction, the Act makes contracts to arbitrate "valid, irrevocable, and enforceable," so long as their subject involves "commerce." § 2. And this is so whether an agreement has a broad reach or goes just to one dispute, and whether enforcement be sought in state court or

federal." *Hall Street Associates, L.L.C. v. Mattel, Inc.*, – U.S. –, 128 S. Ct. 1396, 1402 (2008).

Once an award is entered, any party to the arbitration may, within one year thereafter, apply to a court for an order confirming the award entered; the court must grant the application unless the award is vacated, modified, or corrected as provided in the FAA. 9 U.S.C. § 9. An award may be vacated only if it satisfies one of the statutory grounds set out in 9 U.S.C. § 10(a). *Hall Street Associates*, 128 S. Ct. at 1403.

## DISCUSSION

Peregrin's application is made pursuant to § 9 of the FAA. According to Peregrin, all of the criteria set forth in that section are satisfied: the application was made within a year of the entry of the arbitration award, this court is one of competent jurisdiction, and there is no basis for vacating, modifying, or correcting the award. According to Kassar, the second arbitration panel exceeded their authority by deciding issues that had already been resolved by the prior panel and therefore the award should be vacated pursuant to 9 U.S.C. § 10(a)(4).

There is no dispute that the second panel was presented with and decided the question of whether or not their consideration was affected by the outcome of the previous arbitration. Kassar's argument instead relies upon his assertion that Illinois law specifies that only a court can decide the preclusive effect of a prior arbitration on

a second arbitration panel. In support of that proposition, he points to two Illinois cases: *Horwitz, Schakner & Associates, Inc. v. Schakner*, 625 N.E.2d 670 (Ill. App. Ct. 1993) and *Peregrine Financial Group, Inc. v. Ambuehl*, 722 N.E.2d 723 (Ill. App. Ct. 1999). These cases, which involved agreements not within the scope of the FAA, state that a court must decide the preclusive effect of a prior arbitration, not the second arbitrator. *Peregrine*, 722 N.E.2d at 725, 728; *Schakner*, 625 N.E.2d at 673. According to Kassar, these cases mandate that we disregard the arbitrators' decision with regard to *res judicata* and consider the preclusion question anew.

However, Kassar provides no authority to support the proposition that state law provides the rules of decision in circumstances such as this, and we disagree with his implicit assumption that we should look to Illinois law. In the absence of a clear contractual indication to use specific state-law rules to address a particular issue, federal rules regarding the power of an arbitrator to act in a particular area control, not state rules. *See Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 59, 115 S. Ct. 1212, 1217 (1995).

In the Seventh Circuit, when contracts within the scope of the FAA lead to multiple arbitrations and there is no contractual provision to the contrary, subsequent arbitrators have the power to decide the preclusive effect of the prior arbitrations. *See Consolidation Coal Co. v. United Mine Workers of America*, 213 F.3d 404, 407 (7th

Cir. 2000); *Production and Maintenance Employees' Local 504 v. Roadmaster Corp.*, 916 F.2d 1161, 1162 (7th Cir. 1990).[4]  Illinois cases to the contrary, such as *Schakner* and *Ambuehl*, decided in the context of the Uniform Arbitration Act are simply inapplicable to this case.  Consequently, there is no basis for us to revisit the arbitrators' decision that they were not bound by the decision of the prior arbitration panel and Kassar's argument that they exceeded the scope of their powers fails.  As none of the grounds for vacating, correcting, or modifying the award are present in this case, Peregrin's application for an order confirming the January 18, 2008, award is granted. 9 U.S.C. § 9; *Hall Street Associates*, 128 S. Ct. at 1403.  Kassar's petition to vacate is denied.

The only matter remaining is the Rule 12(f) motion Kassar filed to strike paragraphs 5 to 34 of the application to confirm the award on the grounds that they were immaterial and impertinent to the issue of confirmation.  However, four weeks after filing that motion, Kassar filed his answer to the application, wherein he responded to all of the allegations it contained.  As a result, the motion to strike is moot and is therefore denied.

---

[4]Though both of these cases arose in a labor context, the court in *Consolidation Coal* cited with approval arbitration cases that did not involve labor disputes.  *See*, *e.g.*, *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1132-33 (9th Cir. 2000) (joint venture agreement); *Nat'l Union Fire Ins. Co. v. Belco Petroleum Corp.*, 88 F.3d 129, 135-36 (2d Cir. 1996) (insurance policy).

**CONCLUSION**

Based on the foregoing analysis, Peregrin's application to confirm the January 18, 2008, arbitration award [1] is granted. Kassar's motion to strike certain paragraphs of the application [9] and petition to vacate the award [16] are denied.

                                       /s/ Charles P. Kocoras
                                       Charles P. Kocoras
                                       United States District Judge

Dated:   June 19, 2008