IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID G. PEREGRIN, ) | |
| ) | |
| Petitioner, Counter-Respondent, ) | |
| ) | |
| v. ) | Case No. 08 C 759 |
| ) | |
| WILLIAM EDWARD KASSAR, JR., ) | Judge Kocoras |
| ) | |
| Respondent, Counter-Petitioner. ) | |
| ) | |

PETITIONER DAVID G. PEREGRIN'S
MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION UNDER RULE 60(a)
TO INCLUDE PREJUDGMENT INTEREST IN THIS COURT'S JUDGMENT

Petitioner, David G. Peregrin ("Peregrin"), by and through his attorney, James A. Mc-Gurk, hereby submits this Memorandum of Law in support of his Motion Under Rule 60(a) to Include Prejudgment Interest in this Court's Judgment. Peregrin's Motion and his Notice of Motion are being filed today along with this Memorandum of Law.

Peregrine was a customer of William Edward Kassar, Jr. ("Kassar"). Ordinarily, when a brokerage customer receives a FINRA arbitration award against a registered person, and a court confirms that award, the customer does not care whether he receives prejudgment interest as part of the judgment confirming his arbitration award. Since FINRA will automatically suspend any registered person who fails to pay an award, and since the applicable code of arbitration calls for prejudgment interest, the customer can expect the registered person firm to immediately pay the award together with prejudgment interest as required by the code of arbitration. However,

1

Kassar is no longer a member of FINRA. In this case it is therefore appropriate that Peregrine receive a money judgment setting out the amount of prejudgment interest. Under Rule 60(a) of the Federal Rules of Civil Procedure, this Court has power to correct clerical errors in its judgment, such as the failure to include prejudgment interest.

### A.     NUMEROUS COURTS OUTSIDE THIS DISTRICT HAVE ISSUED MONEY JUDGMENTS CONFIRMING ARBITRATION AWARDS WITH PREJUDGMENT INTEREST

This Court has power to issue a ruling as to prejudgment interest on the arbitration award which it has already confirmed. Numerous federal courts, including appellate courts, have addressed this issue. The decisions listed below all make it clear that federal courts have the power (and duty) to decide what law applies to the computation of prejudgment interest on arbitration awards, and to make the appropriate computation as part of such money judgment.

This Court confirmed the arbitration award on June 19, 2008. Kassar has neither appealed nor paid the award. The NASD Code of Arbitration calls for prejudgment interest computed pursuant to the law of the state in which the hearing was held (here, Illinois). See http://www.finra.org/web/groups/rules_regs/documents/rule_filing/p009316.pdf  (Code § 12904(h))  Absent any provision calling for application of state prejudgment rates, many federal courts have computed prejudgment interest according to state law in diversity cases. *Northrop Corp v. Triad Intern. Marketing*, 842 F.2d 1154 at 1155 & n. 3 (9th Cir. 1988); *General Electric Co. v. Anson Stamping Co., Inc.*, 426 F.Supp.2d 579 at 596-97 (W.D.Ky. 2006); *Taylor v. Central Pennsylvania Drug and Alcohol Services*, 890 F.Supp. 360 at 368-69 (M.D.Pa. 1995); *Hollie v. Korean Air Lines Co. Ltd.*, 834 F.Supp. 65 at 70 (S.D.N.Y. 1993); *U.S. ex rel. National Roofing Service, Inc. v. Lovering-Johnson, Inc.,* 53 F.Supp.2d 1142 at 11470 (C.D.Kansas 1999).

All of the foregoing cases except the *General Electric* case are too old to be on PACER, but in the *General Electric* case, the undersigned has obtained a print-out of the judgment for money damages of $1,183,372.71, which amount included prejudgment interest.  See opinion, 426 F.Supp.2d 579 at 596-97.  That judgment for money damages of $1,183,372.71 is attached as EXHIBIT A.  Another example of a recent judgment for a specific amount of money including prejudgment interest is *In re Arbitration of Westchester Fire Ins. Co. v. Massamont Ins. Agency, Inc.*, 420 F.Supp.2d 223 at 227 (S.D.N.Y. 2005), attached as EXHIBIT B.  Last week, in this district, Judge St. Eve entered a judgment for prejudgment interest on an arbitration award, in Joseph Stevens & Co., Inc. v. Cikanek, Case #08-C-706 (EXHIBIT C).

       **B.**     **IF THIS MOTION IS GRANTED, THIS COURT SHOULD DIRECT THE CLERK TO ISSUE A MONEY JUDGMENT**

As a clerical matter, if this Court grants this Rule 60(a) motion, it should direct the clerk to enter a money judgment.  Money judgments confirming arbitration awards can be for a specific amount of money even when prejudgment interest is not an issue.

      **1.   Courts in this District Have Confirmed Arbitration Awards in the Form of Money Judgments, Even When Prejudgment Interest Is Not an Issue**

This Court originally issued a judgment simply confirming the underlying arbitration award.  However, even when prejudgment interest is not an issue, courts in this district have confirmed arbitration awards in the form of money judgments.  See sample judgments, Exhibits D, E and F submitted herewith.  (Also see Judge St. Eve's judgment and judgments from other districts, referred to in the preceding section.)

**2. Money Judgements Are Format Recommended by the National Arbitration Forum for Judgments Confirming Arbitration Awards Even When Prejudgment Interest Is Not at Issue**

The National Arbitration Forum is one of the three largest national organizations offering arbitration services. Last year, Susan Wiens and Roger Haydock, the Director of Arbitration and the Director of Education of the National Arbitration Forum, co-authored an article entitled: *Confirming Arbitration Awards: Taking the Mystery Out of a Summary Proceeding*, 33 William Mitchell Law Review 1293 (April 2007). The entire article may be found on the Internet at http://www.wmitchell.edu/lawreview/Volume33/documents/2.HaydockWiens.pdf. In that article, on page 1316, the authors included a model Order directing entry of judgment for practitioners to submit to a court. The Model Order stated in its entirety:

> This Court has considered the request of Petitioner to confirm an arbitration award and has reviewed all documents.
>
> THIS COURT ORDERS that the arbitration award issued in this case in the amount of $_____ be confirmed and **that a judgment be entered immediately in the amount of $ [same amount]** in favor of [Petitioner's name] and against [Respondent's name].

(Article at Page 1316, Internet version at page 23, emphasis added.)

This model Order is another illustration of why, even when prejudgment interest is not raised, the proper form for judgment as a clerical matter should be in the form of a money judgment. A fortiorari, when prejudgment interest is an issue, the proper form for judgment as a clerical matter is to specify the total amount of the judgment, and then to specify its components: the particular amount of money constituting the underlying award, and then the prejudgment interest.

**CONCLUSION**

As demonstrated above, it is common practice for federal courts to reduce confirmed arbitration awards to money judgments.  Moreover, federal courts have the power (and duty) to decide what law applies to the computation of prejudgment interest on confirmed arbitration awards, and include that sum in the money judgment.  Accordingly, Peregrin is entitled to a similar ruling in this case granting his motion under Rule 60(a) to include prejudgment interest in this Court's judgment.

This Court should direct the Deputy Clerk to issue a money judgment in this case for $236,519.35, representing the underlying arbitration award of $225,697.00 plus prejudgment interest in the amount of $10,822.35.[1]

Respectfully submitted,

DAVID G. PEREGRIN

By: /s/ James A. McGurk
One of his Attorneys

Dated:   July 28, 2008

Of Counsel:

James A. McGurk, Esq.
Law Offices of James A. McGurk, P.C.
10 South LaSalle Street, Suite 3300
Chicago, IL  60603
(312) 236-8900
Fax (312) 277-3497

---

[1]   As noted on page 2 above, the NASD Code of Arbitration for Customer Disputes provides that prejudgment interest is computed according to the law of the state in which the hearing was held, which was Illinois.   That rate is 9% as to awards in arbitration; see First Commercial Financial Group v. Baghdoian, 812 F.Supp.2d 837 at 840-841 (N. D. Ill. 1992).   Accordingly, the prejudgment interest was calculated by Petitioner as follows: $225,697 × 9% ÷ 365 = $55.50 × 195 (1/18/08-7/31/08) =$10,822.35.

**CERTIFICATE OF SERVICE**

I, James A. McGurk, an attorney, certify that the foregoing document was filed electronically today, in compliance with the General order on Electronic Case Filing, Section III (B)(1). As such, this document was served on all counsel of record, including Jack L. Haan, Esq., and James J. Eccleston, Esq., both of Shaheen, Novoselsky, Staat, Filipowski & Eccleston, P.C.

Mr. Haan and Mr. Eccleston are deemed to have consented to electronic service in this case, pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure and Local General Rule 5.9.

Dated:   July 28, 2008

/s/James A. McGurk
James A. McGurk