## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 2649 | DATE | 6/17/2004 |
| CASE TITLE | TRUSTMARK INSURANCE CO. vs. JOHN HANCOCK LIFE INSURANCE CO. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's petition to confirm arbitration award is granted. Motion (5-1) to strike plaintiff-petitioner's petition is denied. Cross petition (6-1) by defendant-respondent to confirm arbitration award is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 18 2004 | |
| | Notified counsel by telephone. | | date docketed | 12 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTMARK INSURANCE COMPANY,
a mutual insurance company organized
under the laws of the State of Illinois,

    Petitioner,

v.

JOHN HANCOCK LIFE INSURANCE
COMPANY, a Massachusetts corporation,

    Respondent.

JOHN HANCOCK LIFE INSURANCE
COMPANY, f/k/a John Hancock Mutual
Life Insurance Company,

    Respondent/Cross-Petitioner

v.

TRUSTMARK INSURANCE COMPANY,

    Petitioner/Cross-Respondent.

No. 04 C 2649
Judge James B. Zagel



## MEMORANDUM OPINION AND ORDER

Petitioner/Cross-Respondent Trustmark Insurance Company ("Trustmark") is a mutual insurance company organized under the laws of the State of Illinois with its principal place of business located in Lake Forest, Illinois. Respondent John Hancock Life Insurance Company ("Hancock") is a Massachusetts corporation with its principal place of business in Massachusetts. The parties entered into a series of Excess of Loss Reinsurance Agreements, each of which contains a mandatory arbitration clause for disputes that cannot be resolved by compromise. Such a dispute arose, and as was required, a three-member arbitration panel (the "Panel") was

convened to resolve the dispute. On February 27, 2003, the Panel convened an organizational meeting in Chicago, Illinois. After this meeting, the parties took depositions and obtained documents from each other. From January 12-23, 2004, an arbitration hearing was held in New York City. After the conclusion of the hearing, the Panel issued its Final Award on March 23, 2004. The parties have now cross-petitioned pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, for a judgment confirming the Award.

The FAA provides that an order confirming an arbitration award is a "judgment" that should be "docketed" in the same manner "as if it were rendered" in any other civil action. 9 U.S.C. § 13. Federal Rule of Civil Procedure 58 governs the entry of judgments in civil actions, and the Seventh Circuit has noted that such judgments "should omit reasons and collateral matters and provide only the relief to which the prevailing party is entitled." *TDK Elecs. Corp. v. Draiman*, 321 F.3d 677, 679 (7th Cir. 2003); *see also Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994) (a judgment "should be a self-contained document, saying who has won and what relief has been awarded, but omitting the reasons for this disposition, which should appear in the court's opinion"). Put more pointedly, a Rule 58 judgment "says who is liable for how much, then stops" and does not delve into the "reasons and legal conclusions" behind a decision. *Citizens Elec. Corp. v. Bituminous Fire & Marine Ins.*, 68 F.3d 1016, 1021 (7th Cir. 1995).

While both Trustmark and Hancock seek the entry of an Order confirming the Award, they disagree over its content. Trustmark seeks the entry of an Order providing that the Award is confirmed, and that Hancock is required to pay Trustmark $366,330 as ordered by the Panel. Trustmark's proposed order confirming the Award does exactly what the Seventh Circuit says a judgment should do -- it states that Hancock is liable to pay Trustmark the sum of $366,330 and

2

"then stops" in accordance with the requirements of Rule 58. *Id.* The only affirmative action required of either party under the Award is for Hancock to pay Trustmark $366,330. Just like a Court's reasoning should appear in an opinion and not an order, the Panel's reasoning is not included in the Order. Instead, the proposed Order provides only "the relief to which the prevailing party is entitled." *TDK Elecs. Corp.*, 321 F.3d at 679. Hancock's proposed Order, however, includes at least some of the Panel's reasoning in addition to saying "who is liable for how much." *Citizens Elec. Corp.*, 68 F.3d at 1021. For example, Hancock's Order includes the finding that the "[r]einsurance [c]ontracts" at issue in the arbitration "are valid and binding," and that "retrocession business is covered and properly ceded to the contracts in dispute." Its Order also includes the Panel's findings concerning premium owed under the contracts, less claims allowed in the arbitration, that resulted in the Panel's award of $366,330 to Trustmark.

Hancock's proposed Order is inconsistent with the Seventh Circuit's admonition that a judgment should omit "reasons and legal conclusions" behind a decision and should simply state "who is liable" and for "how much." *Id.* Hancock apparently believes that the Order should summarize the Panel's reasoning that resulted in the Award, but the Seventh Circuit has held that this approach should not be done in preparing a judgment.[1] *TDK Elecs. Corp.*, 321 F.3d at 679; *Citizens Elec.*, 68 F.3d at 1021; *Otis*, 29 F.3d at 1163. Moreover, Trustmark's proposed Order is consistent with the Confidentiality Agreement entered into in the underlying arbitration, wherein the parties agreed that in the context of a confirmation proceeding, they would seek to have the

---

[1] There is an additional dispute between the parties as to whether Hancock's proposed Order fairly summarizes the Panel's findings, but discussion of this issue is unnecessary in light of my decision to exclude any summary of findings.

3

Award filed under seal. Trustmark's proposed Order maintains the confidentiality of the Award by not disclosing its content, but Hancock's proposed Order discloses some contents of the Award, contrary to what the parties agreed. In the end, therefore, I find that Trustmark's proposed Order is more appropriate.

For the reasons above, Trustmark's Petition to Confirm an Arbitration Award is GRANTED, and Hancock's Cross-Petition to Confirm Arbitration Award and Motion to Strike Pursuant to Federal Rule 12(b)(6) Petitioner's Petition to Confirm Arbitration Award are DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: 6-17-2004

4

# United States District Court
## Northern District of Illinois
### Eastern Division

| | |
|---|---|
| TRUSTMARK INSURANCE COMPANY | **JUDGMENT IN A CIVIL CASE** |
| v. | Case Number: 04 C 2649 |
| JOHN HANCOCK LIFE INSURANCE CO. | |

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of Trustmark Insurance Company and against John Hancock Life Insurance Company in the sum of $366,330.00 pursuant the arbitration award as ordered by the Panel.


Michael W. Dobbins, Clerk of Court

Date: 6/17/2004

*Don Walker*
Donald Walker, Deputy Clerk